FILED
2025 Oct-17 AM 09:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ALABAMA**

**SOUTHERN DIVISION**

KEYARAH McKENZIE SMITH,
Plaintiff,

v. Case No.: 2:25-cv-00545-MHH

WESTLAKE FINANCIAL,
Defendant.

## NOTICE OF FILING AMENDED COMPLAINT

**(Filed Pursuant to Court's October 2, 2025 Order and in Response to Defendant's Motion to Dismiss)**

Plaintiff, Keyarah McKenzie Smith, proceeding pro se, hereby gives notice of filing her Amended Complaint, in compliance with this Court's October 2, 2025 Order granting leave to amend.

This Amended Complaint cures the deficiencies identified by the Court and responds to the arguments raised in Defendant's Motion to Dismiss, by:

- Pleading specific statutory causes of action under the Fair Credit Reporting Act (15 U.S.C. §1681s-2(b)), Uniform Commercial Code (Ala. Code §§7-9A-611 et seq.), and Alabama Deceptive Trade Practices Act (Ala. Code §8-19-5 et seq.), along with related common-law claims;
- Providing factual allegations identifying each statutory duty violated and the resulting injury;
- Removing or clarifying claims challenged in Defendant's motion; and
- Including details of Plaintiff's CRA disputes, CFPB complaints, and damages suffered as a result of Defendant's conduct.

Accordingly, this Amended Complaint satisfies Federal Rules of Civil Procedure 8(a) and 12(b)(6) and supersedes the prior complaint.

Respectfully submitted this 16th day of October 2025.

/s/Keyarah McKenzie Smith
Pro se
4940 Court G
Fairfield, AL 35064
(659) 257-8668

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

**KEYARAH McKENZIE SMITH,**
Plaintiff,

v. Case No.: 2:25-cv-00545-MHH

**WESTLAKE FINANCIAL,**
Defendant.

**AMENDED COMPLAINT (JURY DEMAND)**

## COMPLIANCE WITH COURT ORDER AND SUMMARY OF CLAIMS

Pursuant to this Court's October 2, 2025 Order, Plaintiff files this Amended Complaint to cure the deficiencies identified in her original pleading. This Amended Complaint provides detailed factual allegations, specific statutory bases, and concrete injuries for each cause of action, satisfying Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

As a pro se litigant, Plaintiff respectfully requests that this filing be liberally construed in accordance with Haines v. Kerner, 404 U.S. 519 (1972); Erickson v. Pardus, 551 U.S. 89 (2007); and Tannenbaum v. United States, 148 F.3d 1262 (11th Cir. 1998), which hold that pro se pleadings are to be held to less stringent standards than those drafted by lawyers.

Plaintiff certifies that she has complied in good faith with the Court's directive to confer with defense counsel before filing and is submitting this Amended Complaint within the deadline set by the Court.

Plaintiff asserts the following causes of action:

1. Uniform Commercial Code Violations (Ala. Code §§7-9A-611, 614, 616, 610, 625, 626);
2. Conversion (Alabama common law);
3. Fair Credit Reporting Act (15 U.S.C. §1681s-2(b));
4. Breach of Contract (refusal to arbitrate); and
5. Alabama Deceptive Trade Practices Act / Unconscionability (Ala. Code §8-19-5, §8-19-10).

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §1331 because this action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.
2. The Court has supplemental jurisdiction over related Alabama state-law claims under 28 U.S.C. §1367.
3. Venue is proper in this District under 28 U.S.C. §1391 because the events giving rise to these claims occurred in Jefferson County, Alabama, where Plaintiff resides and Defendant does business.

## II. PARTIES

4. Plaintiff Keyarah McKenzie Smith is an adult individual residing in Jefferson County, Alabama.
5. Defendant Westlake Services, LLC d/b/a Westlake Financial is a foreign limited liability company with principal offices at 4751 Wilshire Blvd., Suite 100, Los Angeles, CA 90010,

that finances auto loans and regularly reports consumer credit information to the major credit reporting agencies.

## III. FACTUAL BACKGROUND

6. On or about February 25, 2023, Plaintiff entered into a Retail Installment Sales Contract and Security Agreement with Westlake to finance a 2014 Chevrolet Impala. (Exhibit A).
7. The contract required repayment over 72 months at an APR of 14.79%, with total payments exceeding $23,000 for a vehicle worth substantially less at loan maturity.
8. Plaintiff made a down payment of approximately $2,000, which was improperly rolled into the financed balance, inflating the "Amount Financed" and deceptively increasing the cost of credit.
9. On or about December 11, 2024, a diagnostic report confirmed that the vehicle's engine was locked despite fresh oil, rendering the vehicle inoperable. (Exhibit B).
10. Plaintiff notified Westlake, but Westlake refused to provide relief, modification, or accommodation.
11. On or about January 23, 2025, Westlake repossessed Plaintiff's vehicle.
12. Plaintiff never received a legally compliant pre-sale notice of disposition under Ala. Code §§7-9A-611, 614.
13. Plaintiff never received the required deficiency explanation under Ala. Code §7-9A-616(b)(1), including how proceeds were applied or how any deficiency was calculated.

14. Plaintiff also was never given instructions to retrieve personal property left in the vehicle, including a tablet/iPad valued at approximately $1,500, clothing, and other belongings. None were returned.

15. After repossession, Westlake reported a derogatory tradeline to Experian, Equifax, and TransUnion.

16. On or about March 5, 2025 (Experian), April 12, 2025 (Equifax), and May 20, 2025 (TransUnion), Plaintiff disputed the tradeline with each CRA. (Exhibit C – dispute letters/confirmations).

17. Each CRA notified Westlake of the disputes via the Automated Consumer Dispute Verification (ACDV) system.

18. Despite receiving CRA notice, Westlake failed to conduct a reasonable investigation, continued reporting inaccurate information, and failed to mark the tradeline as "disputed."

19. Although Westlake closed and charged off Plaintiff's account in February 2025, it has continued to furnish monthly derogatory updates, including new late notations, to Experian, Equifax, and TransUnion. As of August 15, 2025, Westlake still reported the account as a charge-off/profit and loss write-off while updating the payment history to reflect additional late payments months after closure

20. Each monthly update constituted a separate violation of the FCRA because it misrepresented the account status, added new false derogatory information, and omitted the required dispute flag.

21. Plaintiff monitors her credit through both Credit Karma (Equifax and TransUnion data) and her official CRA disclosures through Experian. Neither reflect the tradeline as disputed, and both show ongoing derogatory furnishing

22. . Plaintiff has received multiple adverse action notices in 2025 from landlords and creditors, each citing the Westlake charge-off/delinquency as a reason for denial. (Exhibit D).

23. Plaintiff's credit reports contain no other derogatory tradelines besides Westlake's account, making Westlake's reporting the sole cause of her lowered credit standing and cause of all denials.

24. In addition to CRA disputes, Plaintiff filed complaints with the Consumer Financial Protection Bureau (CFPB) on February 4, 2025 and February 17, 2025. (Exhibits G and H).

25. The CFPB transmitted these complaints to Westlake, providing additional notice of the ongoing disputes and alleged violations, including improper repossession practices, failure to provide UCC-required notices, refusal to honor the contractual arbitration provision, predatory loan terms, and inaccurate credit reporting.

26. Despite this regulatory notice, Westlake continued furnishing inaccurate derogatory updates and failed to return Plaintiff's personal property or correct its reporting.

27. The contract contained a mutual arbitration clause. (Exhibit A).

28. On or about December 5, 2024, Plaintiff filed an arbitration demand with the American Arbitration Association (AAA) and paid the $225 filing fee. (Exhibit F).

29. Westlake refused to arbitrate, improperly invoking an inapplicable AAA rule despite the amount in controversy exceeding small claims limits.

30. By refusing to arbitrate after Plaintiff properly invoked the clause, Westlake has waived any contractual right to compel arbitration in this Court.

31. Westlake's refusal frustrated the contract, delayed resolution, and caused Plaintiff to incur unnecessary costs and stress.

**RESULTING INJURY**

32. As As a direct and proximate result of Westlake's conduct, Plaintiff has suffered multiple concrete injuries recognized under federal and state law, including:

- Permanent loss of personal property wrongfully retained after repossession;
- Repeated denials of credit and housing applications directly caused by Westlake's inaccurate tradeline;
- Inability to secure new housing for herself and her children despite urgent need to relocate, due solely to Westlake's derogatory reporting;
- Loss of credit opportunities and inability to obtain affordable financing or basic consumer credit;
- Damage to Plaintiff's otherwise strong credit history, as Westlake's tradeline is the only derogatory mark on her reports;
- Out-of-pocket losses including the AAA filing fee; and
- Emotional distress, including anxiety, sleeplessness, and humiliation from being treated as a high-risk borrower and denied stable housing despite excellent payment history.

**IV. CLAIMS FOR RELIEF**

**COUNT I – UCC VIOLATIONS & WRONGFUL DISPOSITION**

(Ala. Code §§7-9A-611, 614, 616, 610, 625, 626)

33. Plaintiff realleges ¶¶1–32.

34. Westlake repossessed consumer-goods collateral but failed to provide the required pre-sale notice of disposition under §§7-9A-611, 614.

35. . Westlake failed to provide the post-sale deficiency explanation required under §7-9A-616.

36. . Westlake failed to provide instructions to retrieve personal property, depriving Plaintiff of belongings that were never returned.

37. Westlake's sale of the collateral was not commercially reasonable under §7-9A-610.

38. . Pursuant to Ala. Code §7-9A-626, Westlake is barred from collecting any alleged deficiency balance against Plaintiff.

39. As a result, Plaintiff suffered loss of property and statutory injury.

**COUNT II – CONVERSION (PERSONAL PROPERTY)**

40. Plaintiff realleges ¶¶1–32.

41. Plaintiff owned personal property left inside the repossessed vehicle.

42. Westlake wrongfully exercised control over this property and failed to return it.

43. Plaintiff suffered injury in the form of permanent loss of her belongings.

**COUNT III – FAIR CREDIT REPORTING ACT (15 U.S.C. §1681s-2(b))**

44. Plaintiff realleges ¶¶ 1–32.

45. Once a furnisher receives notice from a CRA of a dispute, it must investigate, review all relevant information, report results, and correct or delete inaccurate information.

46. On or about March 5 (Experian), April 12 (Equifax), and May 20 (TransUnion) 2025, Plaintiff disputed the Westlake tradeline; each CRA sent notice via ACDV.
47. Plaintiff also filed CFPB complaints (February 4 and 17, 2025) providing additional notice.
48. After receiving notice, Westlake violated §1681s-2(b)(1)(A)–(D) by failing to investigate, furnishing false information, and failing to mark the account as disputed.
49. Reporting new late payments after charge-off misrepresents account status and violates the FCRA's accuracy requirement.
50. The false reporting directly caused credit and housing denials; landlords and creditors cited the Westlake tradeline as the basis for adverse action.

50A. The continuing publication of false derogatory information has prevented Plaintiff from obtaining credit and housing, damaging her financial standing and family stability. These harms are directly traceable to Westlake's inaccurate reporting and constitute concrete injuries under 15 U.S.C. §§1681n and 1681o. These denials include multiple rental housing and credit applications from February through August 2025, all citing Westlake's tradeline as the adverse factor.

51. Because Plaintiff has no other derogatory tradelines, Westlake's reporting is the sole cause of her lowered credit standing.
52. Plaintiff suffered monetary loss, emotional distress, embarrassment, and sleeplessness.
53. Westlake's violations were willful and/or negligent, entitling Plaintiff to statutory, actual, and punitive damages under 15 U.S.C. §§1681n and 1681o.

**COUNT IV – BREACH OF CONTRACT (ARBITRATION PROVISION)**

54. Plaintiff realleges ¶¶1–32.

55. Plaintiff properly invoked the arbitration clause, filed a demand, and paid the AAA fee.

56. Westlake refused to arbitrate, breaching the contract and depriving Plaintiff of bargained-for dispute resolution.

57. By refusing arbitration, Westlake has waived any contractual right to compel arbitration in this Court.

58. Plaintiff suffered damages including the AAA filing fee, wasted time, delay, and stress.

59. Plaintiff realleges ¶¶1–32.

60. Westlake engaged in unfair and deceptive practices by:

- Rolling Plaintiff's down payment into the financed balance, inflating the cost of credit;
- Approving a 72-month loan far exceeding the vehicle's expected useful life;
- Refusing relief despite knowledge of the vehicle's serious defects.

61. These practices are unfair, deceptive, and unconscionable under Alabama law and the ADTPA.

62. Under the FTC Holder Rule, Westlake is liable for claims/defenses Plaintiff could assert against the selling dealer.

63. Plaintiff suffered injury through overpayment, unfair loan terms, and loss of consumer protections.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant, awarding:

• Compensatory damages of at least $75,000;

• Statutory damages under Ala. Code §7-9A-625 and the FCRA;

• Treble damages under Ala. Code §8-19-10;

• Punitive damages where permitted;

• Declaratory and injunctive relief requiring correction or removal of Westlake's inaccurate tradeline and barring any deficiency balance;

• Reimbursement of AAA filing fee; and

• Any other relief the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## VII. CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to the Court's October 2, 2025 Order, Plaintiff certifies that she contacted Defendant's counsel, Ms. Danielle Douglass, on September 25, 2025, to discuss potential settlement and to confer regarding this matter but received no response. On the same day the Court entered its October 2, 2025 Order, Plaintiff again reached out to confer regarding the forthcoming Amended

Complaint. Counsel responded that she would review and follow up. Plaintiff advised that she intended to file on or before October 13, 2025, and allowed additional time for a response before proceeding. Despite these multiple good-faith efforts, no further substantive response was provided.

Pattern of Bad-Faith Conduct: Defendant's repeated lack of cooperation demonstrates a continuing disregard for its contractual and judicial obligations. Westlake initially refused to participate in arbitration after Plaintiff properly invoked the arbitration clause and paid the required filing fee, and now its counsel has failed to meaningfully confer as directed by this Court. Plaintiff has acted diligently and in full good faith; Defendant's ongoing non-responsiveness has caused unnecessary delay and evidences bad faith in both its contractual dealings and litigation conduct.

Plaintiff therefore files this Amended Complaint in compliance with the Court's directive and consistent with her continuing obligation to act in good faith.

Respectfully submitted this 16th day of October 2025.

/s/ Keyarah McKenzie Smith
4940 Court G
Fairfield, AL 35064
(659) 257-8668
keyarah.smith@outlook.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of October, 2025, I electronically filed the foregoing Amended Complaint with the Clerk of Court using the CM/ECF system, which will automatically send notice of such filing to all counsel of record, including:

/s/Danielle E. Douglas
Counsel for Defendant
Adams & Reese LLP
1901 Sixth Avenue North, Suite 1110
Birmingham, AL 35203
danielle.douglas@arlaw.com

# EXHIBIT INDEX

| Exhibit | Description |
|---|---|
| Exhibit A | Retail Installment Sales Contract and Security Agreement between Plaintiff and Westlake (February 25, 2023). |
| Exhibit B | Diagnostic Report confirming mechanical failure and engine lock (December 11, 2024). |
| Exhibit C | Copies of Plaintiff's credit dispute letters and/or CRA confirmation notices showing disputes submitted to Experian, Equifax, and TransUnion (March–May 2025). |
| Exhibit D | Adverse Action Notices and Credit/Housing Denials (10+) citing the Westlake tradeline as the reason for denial. |
| Exhibit E | Credit reports showing Westlake's continued reporting of late payments and failure to mark the account as "disputed" after charge-off. |
| Exhibit F | AAA Arbitration Demand and $225 Filing Fee Receipt (December 5, 2024). |
| Exhibit G | Email correspondence between Plaintiff and Westlake representatives demonstrating refusal to arbitrate after Plaintiff filed a proper AAA demand. |
| Exhibit H | CFPB Complaint filed February 4, 2025, and acknowledgment showing transmission to Westlake. |
| Exhibit I | CFPB Complaint filed February 17, 2025, and acknowledgment showing transmission to Westlake. |
| Exhibit J | Credit Karma and CRA screenshots confirming ongoing monthly "late" updates and failure to mark the tradeline as "disputed." |
| Exhibit K | Email correspondence with Defendant's counsel (September 25, October 6, and October 13, 2025) demonstrating Plaintiff's good-faith effort to confer prior to filing this Amended Complaint. |

# EXHIBIT A

About | Printing Requirements | Reset | On Demand (EOD™) Service.

AL-103-ARB 10/10/2015

# Retail Installment Contract and Security Agreement

**Seller Name and Address**
Homewood Auto Sales
251 W Valley Ave
Homewood, AL 35209

**Buyer(s) Name(s) and Address(es)**
Keyarah Smith
[redacted]

**Summary**
No. App# 79503431 - V# 2
Date 2/25/2023

☐ Business, commercial or agricultural purpose Contract.

## *Truth-In-Lending Disclosure*

| Annual Percentage Rate | Finance Charge | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid when you have made all scheduled payments. | The total cost of your purchase on credit, including your down payment of $ 2000.00 |
| 14.79 % | $ 7048.40 | $ 16567.00 | $ 23615.40 | $ 25615.40 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| | $ | |
| 60 | $ 393.59 | Monthly, Beginning 04/05/23 |
| | $ | |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of the greater of 5% of the unpaid amount of the payment due or $18.00, with a maximum of $100.00.

**Prepayment.** If you pay off this Contract early, you

☐ may ☒ will not have to pay a penalty.
☐ may ☒ will not be entitled to a refund of part of the finance charge.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

Copy of Original

## *Description of Property*

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2014 | Chevrolet | Impala | Sedan | 2G1115SL9E9211290 | 76141 |

☐ New
☒ Used
☐ Demo

Other:

## *Description of Trade-In*

N/A

## *Conditional Delivery*

☐ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("*Agreement*") applies: ______________________________ . The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

## *Sales Agreement*

**Payment.** You promise to pay us the principal amount of $ 16567.00 plus finance charges accruing on the unpaid balance at the rate of 14.79 % per year from the date of this Contract until maturity. After maturity, or after you default and we demand payment, we will charge finance charges on the unpaid balance at 14.79 % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed.*

☐ You agree to make deferred down payments as set forth in your Payment Schedule.



The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it, as Custodian, on behalf of Wells Fargo Bank, National Association, as Agent and Secured Party. This copy was created on Feb 25, 2023 11:17:32 AM.

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

☐ **Interest Surcharge Fee.** You agree to pay an interest surcharge fee of $ N/A that will be ☐ paid in cash. ☐ added to the Cash Price.

☐ **Processing Fee.** You agree to pay a processing fee of $ N/A that will be ☐ paid in cash. ☐ added to the Cash Price.

☐ **Account Maintenance Fee.** You agree to pay an account maintenance fee of ☐ $ N/A paid in cash. ☐ $ N/A per month payable monthly.

☐ **Minimum Finance Charge.** You agree to pay a minimum finance charge of $ N/A if you pay this Contract in full before we have earned that much in finance charges.

## Itemization of Amount Financed

| | | |
|---|---|---|
| a. | Price of Vehicle, etc. (incl. sales tax of $ 750.50) | $ 16550.50 |
| b. | Service Contract, paid to: A.U.L. Corp. | $ 2000.00 |
| c. | **Cash Price** (a+b) | $ 18550.50 |
| d. | Trade-in allowance | $ N/A |
| e. | Less: Amount owing, paid to (includes m): | $ N/A |
| f. | Net trade-in (d-e; if negative, enter $0 here and enter the amount on line m) | $ N/A |
| g. | Cash payment | $ 2000.00 |
| h. | Manufacturer's rebate | $ N/A |
| i. | Deferred down payment | $ N/A |
| j. | Other down payment (describe) | $ N/A |
| k. | **Down Payment** (f+g+h+i+j) | $ 2000.00 |
| l. | **Unpaid balance of Cash Price** (c-k) | $ 16550.50 |
| m. | Financed trade-in balance (see line f) | $ |
| n. | Paid to public officials, including filing fees | $ 16.50 |
| o. | Insurance premiums paid to insurance company(ies) | $ N/A |
| p. | To: | $ N/A |
| q. | To: | $ N/A |
| r. | To: | $ N/A |
| s. | To: | $ N/A |
| t. | To: | $ N/A |
| u. | To: | $ N/A |
| v. | To: | $ N/A |
| w. | To: | $ N/A |
| x. | To: | $ N/A |
| y. | To: | $ N/A |
| z. | **Total Other Charges/Amts Paid** (m thru y) | $ 16.50 |
| aa. | **Prepaid Finance Charge** | $ N/A |
| bb. | **Amount Financed** (l+z-aa) | $ 16567.00 |

We may retain or receive a portion of any amounts paid to others.

## Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below only the coverages you have chosen to purchase.

**Credit Life**

☐ Single ☐ Joint ☒ None

Premium $ N/A Term

Insured

**Credit Disability**

☐ Single ☒ None

Premium $ N/A Term

Insured

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

N/A
By: DOB

N/A
By: DOB

N/A
By: DOB

**Property Insurance.** You must insure the Property. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ N/A. If you get insurance from or through us you will pay $ N/A for 0 months of coverage.

This premium is calculated as follows:

☐ $ N/A Deductible, Collision Cov. $ N/A
☐ $ N/A Deductible, Comprehensive $ N/A
☐ Fire-Theft and Combined Additional Cov. $ N/A
☐ $ N/A

**Liability insurance coverage for bodily injury and motor vehicle damage caused to others is not included in this Contract unless checked and indicated.**

☐ **Single-Interest Insurance.** You must purchase single-interest insurance as part of this sale transaction, after we give you any notices the law requires and subject to other limitations established by law. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ N/A for of coverage.

Copy of Original



The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it, as Custodian, on behalf of Wells Fargo Bank, National Association, as Agent and Secured Party. This copy was created on Feb 25, 2023 11:17:32 AM.

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

## Additional Protections

**You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.**

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☒ **Service Contract**
Term 24 months or 24000 miles
Price $ 2000.00
Coverage Advantage

☐ **Gap Waiver or Gap Coverage**
Term
Price $ N/A
Coverage

☐ ______
Term
Price $
Coverage

eSigned By: *Keyarah Smith* Feb 25, 2023 11:16:21 AM PST 2/25/2023
By: Keyarah Smith Date

By: Date

By: Date

## Additional Terms of the Sales Agreement

**Definitions.** *"Contract"* refers to this Retail Installment Contract and Security Agreement. The pronouns *"you"* and *"your"* refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns *"we"*, *"us"* and *"our"* refer to the Seller and any entity to which it may transfer this Contract. *"Vehicle"* means each motor vehicle described in the *Description of Property* section. *"Property"* means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The *"Total Sale Price"* is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time. See *Minimum Finance Charge* section. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law. If you have paid a refundable processing fee, interest surcharge or refundable account maintenance fee and you prepay this Contract, we will refund to you any amount required by law.

**Balloon Payment.** If any scheduled payment is more than one and one-half times as large as the average of all other regularly scheduled payments, you may refinance that payment when due without penalty. The terms we offer for that refinance must be as favorable as the original terms of this Contract. This right does not apply if your payment schedule is adjusted for seasonal or irregular income, or if the principal amount was payable in a single payment.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned or dishonored, you agree to pay a fee of not more than the greater of either $30.00 or an amount equal to the actual charge by the depository institution for the return of unpaid or dishonored instruments.

**Governing Law and Interpretation.** This Contract is governed by the law of Alabama and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

- You fail to perform any obligation that you have undertaken in this Contract.
- We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including court costs and fees for repossession, repair, storage and sale of the Property securing this Contract. If the original amount financed is more than $300.00, you also agree to pay reasonable attorneys' fees not in excess of 15% of the unpaid debt after default and referral to an attorney not a salaried employee of ours.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:

- We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
- We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the post-maturity rate described in the *Payment* section until paid in full.
- We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.
- We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
- Except when the Vehicle's original cash price is $1,000.00 or less or as otherwise prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.



The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it, as Custodian, on behalf of Wells Fargo Bank, National Association, as Agent and Secured Party. This copy was created on Feb 25, 2023 11:17:32 AM.

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

## Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** If the original amount financed, exclusive of the insurance charges, is $300.00 or more and the value of the Property is $300.00 or more, then you agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the *Payment* section until paid in full. If this insurance terminates early because you refinance, renew, or pay off the Contract before its maturity date, we will refund or give you credit for any insurance premium refund we receive from the insurance company.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

## Arbitration Provision

**PLEASE READ CAREFULLY! By agreeing to this Arbitration Provision you are giving up your right to go to court for claims and disputes arising from this Contract:**

- **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION, AND NOT BY A COURT OR BY JURY TRIAL.**
- **YOU GIVE UP ANY RIGHT THAT YOU MAY HAVE TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER IN ANY CLASS ACTION OR CLASS ARBITRATION AGAINST US IF A DISPUTE IS ARBITRATED.**
- **IN ARBITRATION, DISCOVERY AND RIGHTS TO APPEAL ARE GENERALLY MORE LIMITED THAN IN A JUDICIAL PROCEEDING, AND OTHER RIGHTS THAT YOU WOULD HAVE IN COURT MAY NOT BE AVAILABLE.**

You or we (including any assignee) may elect to resolve any Claim by neutral, binding arbitration and not by a court action. *"Claim"* means any claim, dispute or controversy between you and us or our employees, agents, successors, assigns or affiliates arising from or relating to: 1. the credit application; 2. the purchase of the Property; 3. the condition of the Property; 4. this Contract; 5. any insurance, maintenance, service or other contracts you purchased in connection with this Contract; or 6. any related transaction, occurrence or relationship. This includes any Claim based on common or constitutional law, contract, tort, statute, regulation or other ground. To the extent allowed by law, the validity, scope and interpretation of this Arbitration Provision are to be decided by neutral, binding arbitration.

If either party elects to resolve a Claim through arbitration, you and we agree that no trial by jury or other judicial proceeding will take place. Instead, the Claim will be arbitrated on an individual basis and not on a class or representative basis.

The party electing arbitration may choose either of the following arbitration organizations and its applicable rules, provided it is willing and able to handle the arbitration: American Arbitration Association, 1633 Broadway, Floor 10, New York, NY 10019 (www.adr.org) or JAMS, 1920 Main Street, Suite 300 Irvine, CA 92614 (www.jamsadr.com), or it may choose any other reputable arbitration organization and its rules to conduct the arbitration, subject to the other party's approval. The parties can get a copy of the organization's rules by contacting it or visiting its website. If the chosen arbitration organization's rules conflict with this Arbitration Provision, the terms of this Arbitration Provision will govern the Claim. However, to address a conflict with the selected arbitration organization's rules, the parties may agree to change the terms of this Arbitration Provision by written amendment signed by the parties. If the parties are not able to find or agree upon an arbitration organization that is willing and able to handle the arbitration, then the arbitrator will be selected pursuant to 9 U.S. Code Sections 5 and 6.

The arbitration hearing will be conducted in the federal district where you reside unless you and we otherwise agree. Or, if you and we agree, the arbitration hearing can be by telephone or other electronic communication. The arbitration filing fee, arbitrator's compensation and other arbitration costs will be paid in the amounts and by the parties according to the rules of the chosen arbitration organization. Some arbitration organizations' rules require us to pay most or all of these amounts. If the rules of the arbitration organization do not specify how fees must be allocated, we will pay the filing fee, arbitrator's compensation, and other arbitration costs up to $5,000, unless the law requires us to pay more. Each party is responsible for the fees of its own attorneys, witnesses, and any related costs, if any, that it incurs to prepare and present its Claim or response. In limited circumstances, the arbitrator may have the authority to award payment of certain arbitration costs or fees to a party, but only if the law and arbitration organization rules allow it.

An arbitrator must be a lawyer with at least ten (10) years of experience and familiar with consumer credit law or a retired state or federal court judge. The arbitration will be by a single arbitrator. In making an award, an arbitrator shall follow governing substantive law and any applicable statute of limitations. The arbitrator will decide any dispute regarding the arbitrability of a Claim. An arbitrator has the authority to order specific performance, compensatory damages, punitive damages, and any other relief allowed by applicable law. An arbitrator's authority to make awards is limited to awards to you or us alone. Claims brought by you against us, or by us against you, may not be joined or consolidated in arbitration with claims brought by or against someone other than you, unless agreed to in writing by all parties. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

Any arbitration award shall be in writing, shall include a written reasoned opinion, and will be final and binding subject only to any right to appeal under the Federal Arbitration Act ("FAA"), 9 U.S. Code Sections 1, et seq. Any court having jurisdiction can enforce a final arbitration award. You and we agree that this Arbitration Provision is governed by the FAA to the exclusion of any different or inconsistent state or local law.



The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it, as Custodian, on behalf of Wells Fargo Bank, National Association, as Agent and Secured Party. This copy was created on Feb 25, 2023 11:17:32 AM.

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

You or we can do the following without giving up the right to require arbitration: seek remedies in small claims court for Claims within the small claims court's jurisdiction, or seek judicial provisional remedies. If a party does not exercise the right to elect arbitration in connection with any particular Claim, that party still can require arbitration in connection with any other Claim.

This Arbitration Provision survives any (i) termination, payoff, assignment or transfer of this Contract, (ii) any legal proceeding by you or us to collect a debt owed by the other, and (iii) any bankruptcy proceeding in which you or we are the debtor. With but one exception, if any part of this Arbitration Provision is deemed or found to be unenforceable for any reason, the remainder of this Arbitration Provision will remain in full force and effect. The one exception is that if a finding of partial unenforceability would allow arbitration to proceed on a class-wide basis, then this Arbitration Provision will be unenforceable in its entirety.

**PROCESS TO REJECT THIS ARBITRATION PROVISION.** You may reconsider and reject your approval of this Arbitration Provision by sending a written notice to the Assignee (identified in the Assignment section) or if there is no Assignee, then to Seller. The notice must be postmarked within 30 days of the date you signed this Contract. It simply needs to state your decision to reject the Arbitration Provision in this Contract and include your signature. It must also provide your name, Seller's name and the date of this Contract. **Rejecting this Arbitration Provision will NOT affect the terms under which we will finance and sell the Property to you or any other terms of this Contract, except that the Arbitration Provision will not apply.**

**CAUTION: It is important that you read this Arbitration Provision thoroughly before you sign this Contract. By signing this Contract, you acknowledge that you read, understand and agree to this Arbitration Provision. If you do not understand this Arbitration Provision, do not sign this Contract; instead ask your lawyer. If you approve this Arbitration Provision, you have an additional 30 days after signing to reconsider and reject your approval, as described above. If you use that process to reject, this Arbitration Provision will not be a part of this Contract, but the rest of this Contract will still be binding and effective.**

## Notices

**Note. If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Si compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.**

*[This area intentionally left blank.]*

## Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, *"you"* means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

N/A 2/25/2023

**By:** **Date**

Signature of Third Party Owner (NOT the Buyer)

*[This area intentionally left blank.]*

Copy of Original



The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it, as Custodian, on behalf of Wells Fargo Bank, National Association, as Agent and Secured Party. This copy was created on Feb 25, 2023 11:17:32 AM.

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

## Arbitration Provision and Process to Remove

**This Contract contains an Arbitration Provision that affects your rights.** By signing this Contract, you agree that either of us may request and require the other to resolve disputes or claims through arbitration instead of a lawsuit. The Arbitration Provision includes a process you can follow in the next 30 days if you reconsider and want to reject the Arbitration Provision.

## Acknowledgment for Electronic Signatures

☒ **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

## Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

## Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

eSigned By: Keyarah Smith — Feb 25, 2023 11:15:25 AM PST — 2/25/2023

By: Keyarah Smith Date

By: Date

By: Date

*[This area intentionally left blank.]*

**Notice to Buyer.** (1) Do not sign this Contract before you read it or if it contains any blank spaces. (2) You are entitled to a completely filled-in copy of this Contract.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

**Buyer**

eSigned By: Keyarah Smith — Feb 25, 2023 11:15:25 AM PST — 2/25/2023

By: Keyarah Smith Date

By: Date

By: Date

**Seller** Homewood Auto Sales

eSigned By: Shonda Camacho — Feb 25, 2023 11:12:46 AM PST — 2/25/2023

By: Date

**Assignment.** This Contract and Security Agreement is assigned to Westlake Financial
4751 Wilshire Blvd #111 Los Angeles CA 90010,
the Assignee, phone (800) 641-6700. This assignment is made under the terms of a separate agreement made between the Seller and Assignee.

☐ This Assignment is made with recourse.

Seller Homewood Auto Sales

eSigned By: Shonda Camacho — Feb 25, 2023 11:12:46 AM PST — 2/25/2023

By: Date

Copy of Original



The original document is owned by Westlake Services, LLC d.b.a. Westlake Financial Services and is held by it, as Custodian, on behalf of Wells Fargo Bank, National Association, as Agent and Secured Party. This copy was created on Feb 25, 2023 11:17:32 AM.

# EXHIBIT B

DOCUMENT 1



**HANVEY TIRE INC**
**3000 LOMB AVE.**
**BIRMINGHAM, AL 35208**
**Phone: 205-786-7682 FAX: 205-786-7333**

**Invoice No.**
**118207**

**Page 1**

3000 ...
BIRMINGHAM AL ...
Transaction ...
Invoice ...
Total
DEBIT CARD SALE ... 00
VISA 6243
Retain this copy for statement
16 Dec ...
US DEBIT XXXXXXXXXXXX6243

| | |
|---|---|
| **SMITH, GERALD**<br>Birmingham AL 35208<br>Mobile: 205-910-3014<br>Work Phone: | **14 Chevrolet Impala**<br>ODO In:108247 out:108247<br>Lic: 2417BB6/AL I4Cyl 2.5 Eng<br>Vin: 2G1115SL9E9211290<br>Eq:<br>Last In 6/7/2024 |

**$100.00**

## DIAGNOSIS

THE ENGINE IS LOCKED AND WILL NOT SPIN OVER
THERE IS PLENTY OF OIL IN THE ENGINE AND IT IS FRESH OIL
THIS VEHICLE NEEDS ANOTHER ENGINE AS THERE IS NO OTHER SOLUTION FOR THIS VEHICLE EXCEPT TO REMOVE THIS LOCKED ENGINE AND TO INSTALL ANOTHER WORKING ENGINE

New parts 12 month or 12,000 mile warranty. Labor warranty 90 day. No refunds. Used or Reman engine and reworked heads have a 6 month part and labor warranty. Warranty is void if the vehicle runs hot. All diagnostic fees will go towards the repair if the repair is completed within 30 days of the diagnostic.

**Labor: $100.00**

x______________________________
I (and/or the company I work with/for) agree to pay the total amount on this invoice if it is charged on an account.

**Payments to HANVEY TIRE INC.**

Status: Paid Work Order

Payments: $100.00
100.00 Cash

**Cost Summary**

| | |
|---|---|
| Labor | 100.00 |
| Parts | 0.00 |
| Total | 100.00 |
| Payments | 100.00 |
| Bal Due | 0.00 |

Thank you for choosing HANVEY TIRE INC.

DOCUMENT 1



**RECEIPT** DATE 12/17/2024 No. 140362

$ 200/-

RECEIVED FROM Keyarah Smith

Two Hundred DOLLARS

○ FOR RENT
① FOR 2014 CHEVY IMPALA

| ACCOUNT | 200/- |
|---|---|
| PAYMENT | 200/- |
| BAL. DUE | 0 |

○ CASH
○ CHECK
∅ MONEY ORDER
○ CREDIT CARD

FROM Keyarah TO Harvey

BY

# EXHIBIT C

**Keyarah McKenzie Smith**
[redacted]

March 5, 2025

**Experian**
P.O. Box 4500
Allen, TX 75013

**Subject:** Dispute Incorrect Late Payment Reporting

Dear Experian,

I am writing to formally dispute incorrect reporting of late payments on my WESTLAKE SERVICE INC account. Under the Fair Credit Reporting Act (FCRA), incorrect information should not appear on my credit report.

## Dispute Incorrect Late Payment Reporting:

Equifax is currently reporting late payments on my **WESTLAKE SERVICE INC** account. I have never been late on this account, and under **15 U.S.C. § 1666b**, there are protections in place that prevent credit reporting agencies from inaccurately reflecting late payments when payments were made in accordance with the agreed-upon terms. This erroneous reporting is damaging my credit score and causing undue hardship. Please remove any late payments associated with this account and update my file to reflect accurate information.

## Legal Basis for Disputes:

1. **15 U.S.C. § 1666b** – Timing of Payments: This provision of U.S. Code ensures that payments made on time and in accordance with creditor agreements should not be reported
as late. WESTLAKE SERVICE INC is inaccurately reporting late payments that I have not made, and I request immediate correction.
2. **15 U.S.C. § 1681i** – This section of the FCRA requires credit reporting agencies to investigate disputes and correct or delete any inaccurate or incomplete information within 30 days of receiving a dispute. I expect a prompt investigation into these inquiries and the late payment reporting, and the removal or correction of any erroneous items.

## Action Requested:

I request that you investigate and correct the reporting of my WESTLAKE SERVICE INC account. Additionally, I would appreciate a new, updated copy of my credit report reflecting these changes.

If the inquiries or late payments are not removed, please provide detailed information regarding the entities that made the inquiries and the permissible purpose under which they were made, as well as evidence supporting the reporting of late payments.

Thank you for your prompt attention to this matter. I look forward to your response within the required 30-day period, per the FCRA.

Respectfully ,
Keyarah McKenzie Smith

**Keyarah McKenzie Smith**
[redacted]

April 12, 2025

**Equifax Information Services LLC**
P.O. Box 740256
Atlanta, GA 30374

**Subject**: Dispute Incorrect Late Payment Reporting

Dear Equifax Dispute Resolution Team,

I am writing to formally dispute incorrect reporting of late payments on my WESTLAKE SERVICE INC account. Under the Fair Credit Reporting Act (FCRA), incorrect information should not appear on my credit report.

## Dispute Incorrect Late Payment Reporting:

Equifax is currently reporting late payments on my **WESTLAKE SERVICE INC** account. I have never been late on this account, and under **15 U.S.C. § 1666b**, there are protections in place that prevent credit reporting agencies from inaccurately reflecting late payments when payments were made in accordance with the agreed-upon terms. This erroneous reporting is damaging my credit score and causing undue hardship. Please remove any late payments associated with this account and update my file to reflect accurate information.

## Legal Basis for Disputes:

1. **15 U.S.C. § 1666b** – Timing of Payments: This provision of U.S. Code ensures that payments made on time and in accordance with creditor agreements should not be reported
as late. WESTLAKE SERVICE INC is inaccurately reporting late payments that I have not made, and I request immediate correction.
2. **15 U.S.C. § 1681i** – This section of the FCRA requires credit reporting agencies to investigate disputes and correct or delete any inaccurate or incomplete information within 30 days of receiving a dispute. I expect a prompt investigation into these inquiries and the late payment reporting, and the removal or correction of any erroneous items.

## Action Requested:

I request that you investigate and correct the reporting of my WESTLAKE SERVICE INC account. Additionally, I would appreciate a new, updated copy of my credit report reflecting these changes.

If the inquiries or late payments are not removed, please provide detailed information regarding the entities that made the inquiries and the permissible purpose under which they were made, as well as evidence supporting the reporting of late payments.

Thank you for your prompt attention to this matter. I look forward to your response within the required 30-day period, per the FCRA.

Respectfully ,
Keyarah McKenzie Smith

# EXHIBIT D

PENFED CREDIT UNION

August 04, 2025

Keyarah McKenzie Smith
[redacted]

2019
N102

RE: Auto Loan Application 52288166

Dear Keyarah McKenzie Smith,

Thank you for your recent applicatio n. We have carefully considered your request, but were unable to approve it due to the following reason(s):

- Utilization of accounts, number of accounts, and/or occurrence of a derogatory event

Our decision was based in whole or in part on the information obtained in a report from the consumer reporting agency listed below. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. The reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you. You also have a right to receive a free copy of your credit report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

Experian
P.O. Box 40
Allen, TX 75013
844-922-2743

We also obtained your credit score from this consumer reporting agency and used it in making our credit decision. Your credit score is a number that reflects the information in your consumer report. Your credit score can change, depending on how the information in your consumer report changes.

DISCOVER

PO Box 15410
Wilmington, DE 19850-5410

Reference Number 251111612241160
April 21, 2025

Dear Keyarah McKenzie Smith,

Thank you for your interest in Discover®. Unfortunately, at this time we are not able to provide you an offer due to the following:

HIGH UTILIZATION ON OPEN REVOLVING ACCOUNT(S)
OVERLIMIT HISTORY ON BANK REVOLVING ACCOUNT(S)
HIGH UTILIZATION ON OPEN BANK REVOLVING ACCOUNT(S)

Rest assured, your request did not impact your credit score.

You can submit another request eight days from the date of this letter.

Sincerely,
Discover Credit Operations Team
1-877-330-4223
Reference Number 251111612241160

**Discover.com**
Discover Card, issued by Discover Bank, Member FDIC

ADA 102772



PO Box 15410
Wilmington, DE 19850-5410

LF11RA01 022948
Keyarah McKenzie Smith
[redacted]

American Express
PO Box 31525
Salt Lake City, UT 84131-9925
(800) 567-1083

www.americanexpress.com

July 17, 2025

MB 01 006495 88801 H 23 B

Keyarah McKenzie Smith
[redacted]

006495 1/1

Ref: 20251946009240USD

Dear Keyarah McKenzie Smith,

Thank you for applying for Platinum Card®. We are writing to let you know that, unfortunately, we cannot approve your application at this time.

**Reason(s) for Our Decision**

Our scoring of your credit and other relevant information (see below)

We evaluated your application using a credit scoring system that considers various pieces of information, including your credit report. The following key factors contributed to our evaluation:

Based on your credit report, you are or have been past due with other creditors. (Experian)
The length of time since a delinquency has been reported on your credit report. (Experian)
Our evaluation of the inquiries on your credit report based on the number, type and recency. (Experian)
The average credit limit on all your credit card accounts is too low (Experian)

We realize this may not have been the outcome you hoped for. It's been our experience that applicants who were not approved for a new account at one time may qualify in the future. We invite you to apply again at a time when your circumstances have changed.

If you have any questions, please call us at 1-800-222-8416 or write to us at the address above. You can also learn more about managing your credit at **americanexpress.com/us/content/financial-education.**

Thank you for your interest in American Express.

Sincerely,

American Express Customer Care

We've provided an important notice below concerning your rights. The creditor is American Express National Bank.

**Your Right to Get Your Credit Report**
Our decision was based in whole or in part on information obtained in a report from each consumer reporting agency in this letter. Please know that the consumer reporting agency played no part in our decision and cannot supply you with the specific reasons for our decision. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. It can be obtained by contacting them directly. You also have a right to a free copy of your report from the consumer reporting agency if you request it within 60 days after you receive this notice. If you find that any information contained in the consumer report you receive is inaccurate or incomplete, you have the right to dispute the matter directly with the reporting agency.

 Continued on reverse side 

**HENDRICK SUBARU (AL), 2929 JOHN HAWKINS PARKWAY, HOOVER, AL 35244, (770) 495-6989**

**Date: 07/29/2025**

**KEYARAH MCKENZIE SMITH**
[redacted]

Dear **KEYARAH MCKENZIE SMITH**

Thank you for submitting your recent application to us for vehicle financing.

After carefully reviewing your application, we are sorry to advise you that we cannot extend vehicle financing to you at this time. We do not make direct loans to finance vehicle purchases. Instead, we sell cars on credit only if a third party like a bank or finance company will agree to buy the contract from us on terms that are acceptable to us. Unfortunately, we could not do that for your transaction.

**DEALER OBTAINED A CREDIT REPORT: [X] YES [ ] NO**

If we checked YES above, that means we obtained information from a consumer reporting agency as part of our consideration of your application. The box checked below shows the credit reporting agency name, address, and [toll-free] telephone for the agency that provided a report to us. The reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you received is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency. You can find out about the information contained in your file (if one was used) by contacting:

[X] Equifax
P.O. Box 740241
Atlanta, GA 30374
(800) 685-1111
www.equifax.com

[X] Experian
**P.O. Box 2104**
**Allen, TX 75013**
**(888)397-3742**
**www.experian.com**

[X] TransUnion Consumer Relations [ ]
P.O. Box 1000
Chester, PA 19022
(800) 888-4213
www.transunion.com/myoptions

**DEALER OBTAINED YOUR CREDIT SCORE: [X] YES [ ] NO**

If we checked YES above, that means we also obtained your credit score from this consumer reporting agency and used it in making our credit decision. Your credit score is a number that reflects the information in your credit report. Your credit score can change, depending on how the information in your credit report changes.

Your credit score: 569 Date: 07/14/2025 Score range from a low of 250 to a high of 900

**Key factors that adversely affected your credit score:**
- SERIOUS DELINQUENCY
- TIME SINCE DELINQUENCY IS TOO RECENT OR UNKNOWN
- PROPORTION OF BALANCES TO CREDIT LIMITS IS TOO HIGH ON BANK REVOLVING OR OTHER REVOLVING ACCOUNTS
- TOO FEW ACCOUNTS CURRENTLY PAID AS AGREED
- INQUIRIES DID IMPACT THE CREDIT SCORE AND, FOR MODELS THAT INDICATE IT, NO DEROGATORY INFO WAS FOUND IN THE FILE

If you have any questions regarding your credit score, you should contact the consumer reporting agency checked above.

**DEALER OBTAINED INFORMATION FROM THIRD PARTY ABOUT CREDITWORTHINESS: [ ] YES [X] NO**

If we checked YES above, that means we obtained information from a third party, such as your employer, landlord or other credit reference you provided. Our credit decision was based in whole or in part on information obtained from the third party. Under the Fair Credit Reporting Act, you have the right to make a written request, no later than 60 days after you receive this notice, for disclosure of the nature of this information.

**DEALER SUBMITTED YOUR APPLICATION TO FINANCE SOURCE(S) : [ ] YES [X] NO**

If we checked YES above, that means we submitted your application to a finance source in an attempt to sell your finance or lease contract. We will generally sell cars on credit only if a third party finance source will agree to buy the contract from us on terms that are financially acceptable to us. Regrettably, we could not do that in your case. If we checked no, that means we made the decision on your application without submitting it to another creditor.

**OTHER IMPORTANT INFORMATION**

You have the right to a statement of the reasons for credit denial if you contact us within 60 days of receiving this letter. Please contact our Finance Director at the address listed above. If we provide reasons to you orally, you have the right to request that we confirm them in writing within 30 days of us receiving your written request for confirmation. If you have any questions regarding this notice, please contact our Finance Director at the number listed above.

Notice: The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Federal Trade Commission at Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580.

Citizens Credit Cards
PO Box 7092
Bridgeport, CT 06601-7092

**Citizens**

HB 01 000076 60992 H 3 A

[redacted]

2025-06-06

We're sorry we are unable to approve your recent application ID #: 126200

Dear Keyarah Smith:

We are writing with regard to your recent application for the credit card account referenced above. Unfortunately, we are unable to open an account for you at this time for the following reason(s):

- Ratio of balance to limit on bank revolving or other rev accts too high
- Time since delinquency is too recent or unknown
- Length of time accounts have been established
- Serious delinquency and public record or collection filed
- Lack of recent consumer finance company account information

Our decision to decline your application was based on information we obtained in a report from the consumer reporting agency named below. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. The reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you. You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency. In order to obtain your report, or dispute the information that it contains, you can write or call the consumer reporting agency at: Experian P.O. BOX 2104 Allen, TX 75013 866-200-6020

We also obtained your credit score from the consumer reporting agency and used it in making our credit decision. Your credit score is a number that reflects the information in your consumer report. Your credit score can change, depending on how the information in your consumer report changes.

Your FICO score : 607

Date: 06-06-2025

Score range from a low of 250 to a high of 900 .

**HENDRICK CHEVROLET (AL), 1620 MONTGOMERY HWY, HOOVER, AL 35216, (770) 495-6985**

**Date: 07/29/2025**

**KEYARAH MCKENZIE SMITH**
[redacted]

Dear **KEYARAH MCKENZIE SMITH**

Thank you for submitting your recent application to us for vehicle financing.

After carefully reviewing your application, we are sorry to advise you that we cannot extend vehicle financing to you at this time. We do not make direct loans to finance vehicle purchases. Instead, we sell cars on credit only if a third party like a bank or finance company will agree to buy the contract from us on terms that are acceptable to us. Unfortunately, we could not do that for your transaction.

**DEALER OBTAINED A CREDIT REPORT: [X] YES [ ] NO**

If we checked YES above, that means we obtained information from a consumer reporting agency as part of our consideration of your application. The box checked below shows the credit reporting agency name, address, and [toll-free] telephone for the agency that provided a report to us. The reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you received is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency. You can find out about the information contained in your file (if one was used) by contacting:

[X] Equifax
P.O. Box 740241
Atlanta, GA 30374
(800) 685-1111
www.equifax.com

[X] Experian
**P.O. Box 2104**
**Allen, TX 75013**
**(888)397-3742**
**www.experian.com**

[X] TransUnion Consumer Relations [ ]
P.O. Box 1000
Chester, PA 19022
(800) 888-4213
www.transunion.com/myoptions

**DEALER OBTAINED YOUR CREDIT SCORE: [X] YES [ ] NO**

If we checked YES above, that means we also obtained your credit score from this consumer reporting agency and used it in making our credit decision. Your credit score is a number that reflects the information in your credit report. Your credit score can change, depending on how the information in your credit report changes.

Your credit score: 569 Date: 07/14/2025 Score range from a low of 250 to a high of 900

**Key factors that adversely affected your credit score:**
- SERIOUS DELINQUENCY
- TIME SINCE DELINQUENCY IS TOO RECENT OR UNKNOWN
- PROPORTION OF BALANCES TO CREDIT LIMITS IS TOO HIGH ON BANK REVOLVING OR OTHER REVOLVING ACCOUNTS
- TOO FEW ACCOUNTS CURRENTLY PAID AS AGREED
- INQUIRIES DID IMPACT THE CREDIT SCORE AND, FOR MODELS THAT INDICATE IT, NO DEROGATORY INFO WAS FOUND IN THE FILE

If you have any questions regarding your credit score, you should contact the consumer reporting agency checked above.

**DEALER OBTAINED INFORMATION FROM THIRD PARTY ABOUT CREDITWORTHINESS: [ ] YES [X] NO**

If we checked YES above, that means we obtained information from a third party, such as your employer, landlord or other credit reference you provided. Our credit decision was based in whole or in part on information obtained from the third party. Under the Fair Credit Reporting Act, you have the right to make a written request, no later than 60 days after you receive this notice, for disclosure of the nature of this information.

**DEALER SUBMITTED YOUR APPLICATION TO FINANCE SOURCE(S) : [ ] YES [X] NO**

If we checked YES above, that means we submitted your application to a finance source in an attempt to sell your finance or lease contract. We will generally sell cars on credit only if a third party finance source will agree to buy the contract from us on terms that are financially acceptable to us. Regrettably, we could not do that in your case. If we checked no, that means we made the decision on your application without submitting it to another creditor.

**OTHER IMPORTANT INFORMATION**

You have the right to a statement of the reasons for credit denial if you contact us within 60 days of receiving this letter. Please contact our Finance Director at the address listed above. If we provide reasons to you orally, you have the right to request that we confirm them in writing within 30 days of us receiving your written request for confirmation. If you have any questions regarding this notice, please contact our Finance Director at the number listed above.

Notice: The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Federal Trade Commission at Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580.

CONCORA CREDIT
PO BOX 4477
BEAVERTON OR 97076-4401

Concora credit

August 23, 2025

1oz - #10 - 1283 - 1283
KEYARAH MCKENZIE SMITH
[redacted]

Dear Keyarah Mckenzie Smith:

Thank you for your recent prequalification request for a Concora® Credit Account issued by Celtic Bank. Unfortunately, we are unable to approve your prequalification request at this time for the following reason(s):

Number Of Retail Accounts
Delinquency History In Past 18 Months
Amount Charged Off In The Past 24 Months
Utilization On Revolving Accounts In Past 12 Months

We processed your prequalification request using our own credit scoring system that assigns a numerical value to the various items of information we consider in evaluating an prequalification request. These numerical values are based upon the results of analyses of repayment histories of large numbers of customers.

In evaluating your prequalification request, the consumer reporting agency listed below provided us with information that influenced our decision. The consumer reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you. You have the right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. It can be obtained by contacting TransUnion Consumer Relations, 2 Baldwin Place, P.O. Box 1000, Chester, PA 19016, 1-800-888-4213.

You also have the right to a free copy of your report from the reporting agency if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

Your credit score, based upon our credit scoring system, is a number that reflects the information contained in your credit report and our own credit scoring model. Our credit score for you may change, depending on how your credit report and credit history change.

Your Credit Score: 296
Date: August 21, 2025

Scores range from a low of 50 to a high of 400.

Key factors that adversely affected your credit score:
Number Of Retail Accounts
Delinquency History In Past 18 Months
Amount Charged Off In The Past 24 Months
Utilization On Revolving Accounts In Past 12 Months

If you have any questions about this notice, please write to us at Concora Credit, P.O. Box 4477, Beaverton, Oregon 97076, or call us at (800) 942-4308 from 9 am to 9 pm, Eastern Time, seven days a week.

Sincerely,
Concora Credit

The Concora® Credit Account is issued by Celtic Bank and serviced by Concora Credit Inc.

*Notice:* The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal Agency that administers compliance with this law concerning this creditor is the Division of Depositor and Consumer Protection, National Center for Consumer and Depositor Assistance, Federal Deposit Insurance Corporation, 1100 Walnut Street, Box #11, Kansas City, MO 64106.

POSTQ 1818-5

**Important information regarding your application**

REFERENCE NUMBER: 2503176876588

**Home Depot Credit Services**
P.O. Box 7032
Sioux Falls, SD 57117-7032

00015639 1 E9801475 DTF 00015639

KEYARAH SMITH **N0015586
[redacted]

March 20, 2025

Hi, Keyarah.

**Why we're writing to you**
Thank you for your recent interest in being pre-qualified. Unfortunately, we are unable to provide you an offer for The Home Depot Consumer Credit Card at this time.

**How we made our decision**
The pre-qualification request was processed by a credit scoring system that assigned a numerical value to various items on your credit report. The information did not score a sufficient number of points for us to provide you an offer. We were unable to provide you an offer due to the following reason(s):

- Serious delinquency
- Lack of recent bank/national revolving information
- Lack of recent revolving account information
- Time since delinquency is too recent or unknown

Our decision was based, in whole or in part, on information obtained in a report from the following consumer reporting agency:

Equifax Credit Information Service
P.O. Box 740241
Atlanta, GA 30374-0241
1-800-685-1111
**www.equifax.com**

Please note, other than providing information, the reporting agency played no part in our decision and is unable to supply the specific reasons why we were unable to provide you an offer.

**Free copy of your credit report**
You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. We encourage you to review your credit report for accuracy.

You also have a right to a free copy of your credit report from the consumer reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in your report is inaccurate or incomplete, you have a right to dispute the matter with the consumer reporting agency listed above.

**Continued on reverse side**

Ford Credit

P.O. BOX 35910
CLEVELAND OH 44135-0910

CONFIRM-COPY IB

Ford Motor Credit Company Telephone: (866)844-6818
Property: NOT SELECTED
Product: PreQualification

PLPWLO00108210
KEYARAH MCKENZIE SMITH
[redacted]

Dear Credit Applicant:

We have received your recent credit application for financing secured by the property described above to be purchased/leased from An Authorized Ford Dealer. We regret at this time we are unable to grant the credit you requested.

THE FEDERAL EQUAL CREDIT OPPORTUNITY ACT PROHIBITS CREDITORS FROM DISCRIMINATING AGAINST CREDIT APPLICANTS ON THE BASIS OF RACE, COLOR, RELIGION, NATIONAL ORIGIN, SEX, MARITAL STATUS, AGE (PROVIDED THAT THE APPLICANT HAS THE CAPACITY TO ENTER INTO A BINDING CONTRACT); BECAUSE ALL OR PART OF THE APPLICANT'S INCOME DERIVES FROM ANY PUBLIC ASSISTANCE PROGRAM; OR BECAUSE THE APPLICANT HAS IN GOOD FAITH EXERCISED ANY RIGHT UNDER THE CONSUMER CREDIT PROTECTION ACT. THE FEDERAL AGENCY THAT ADMINISTERS COMPLIANCE WITH THIS LAW CONCERNING THIS CREDITOR IS THE FEDERAL TRADE COMMISSION, CONSUMER RESPONSE CENTER, 600 PENNSYLVANIA AVENUE NW, WASHINGTON, D.C. 20580.

You have the right to a written statement of the reasons for our decision. You can request the statement by contacting this office at the address or telephone number set forth above within 60 days after the date of this notification. You will receive the statement within 30 days after the date of your request.

In addition, you have the right to know if our decision was determined either wholly or partly because of (a) information contained in a consumer credit report from a consumer credit reporting agency, or (b) information obtained from a source other than a consumer credit reporting agency. If our decision was not determined either wholly or partly because of such information, no consumer credit reporting agency or other source will be displayed below.

Our decision was based either wholly or partly upon a consumer credit report obtained from:

- © Experian Con Assist 701 Experian Parkway P O Box 2002 www.experian.com/reportaccess
  Allen TX 75013 Tel. (888)397-3742

The consumer credit reporting agency did not make this decision and will not be able to provide you with the reasons why credit was not granted.

You have the right, within 60 days after you receive this notice, to obtain a free copy of your consumer credit report from any consumer credit reporting agency identified in this letter (and, if you live in California, from any other consumer credit reporting agency which compiles and maintains files on a nationwide basis).

2100101C0400PLPWLO00108210

**In response to your request**

REFERENCE NUMBER: 2503176937508

**Home Depot Credit Services**
P.O. Box 790424
St. Louis, MO 63179

00016110 1 E9801475 DTF 00016110

KEYARAH SMITH **N0016055
[redacted]

March 20, 2025

Dear KEYARAH SMITH,

**Why we're writing to you**
Thank you for applying for the Pro Xtra Credit Card. Unfortunately, after careful consideration, we are unable to approve your request for credit at this time.

**How we made our decision**
Our credit decision was based, in whole or in part, on information obtained in a report from the following consumer reporting agency:

Experian
P.O. Box 2002
Allen, TX 75013-0036
1-888 EXPERIAN (1-888-397-3742)
**www.experian.com**

Please note, other than providing information, the reporting agency played no part in our decision and is unable to supply the specific reasons why we have denied you credit.

**Free copy of your credit report**
You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. We encourage you to review your credit report for accuracy.

You also have a right to a free copy of your credit report from the consumer reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in your report is inaccurate or incomplete, you have a right to dispute the matter with the consumer reporting agency listed above.

**How to contact us**
If you would like to know specifically why the request was declined, please contact us at the phone number below or the address above within 60 days from the date of this communication. We will provide you with the reason(s) within 30 days after receiving your request. When calling or writing, please provide your name, address, and reference number listed above.

We appreciate the opportunity to be of service to you.

Sincerely,

Manager, Credit Review
Phone: 1-888-333-5608
For TTY: We accept 711 or other Relay Service
Monday through Friday, 9:00 a.m. - 6:00 p.m., ET

**FEDERAL REGULATIONS REQUIRE THE STATEMENT PRINTED ON THE REVERSE SIDE**

**Thank you for your interest**

Exeter

QUESTIONS?

844-621-9107
PO Box 166008
Irving, TX 75016
www.exeterfinance.com

Hours (Central Time):
8am-5pm (M-F)

Date of Notice: 08/29/2025
Reference Number: 167825069

Dear Keyarah Smith

Thank you for your application for credit for automobile financing which we received from EDWARDS CHEVROLET CO INC. Your application authorized the dealer to submit the application to lenders, such as Exeter Finance LLC, in an attempt to qualify you for financing. After carefully reviewing your application, we are sorry to advise you that we are unable to approve your financing request at this time.

If you would like a statement of specific reasons as to why your application was denied, **please contact us within 60 days from the date of this letter at the contact information provided above**. We will provide you with a statement of reasons within 30 days after receiving your request.

If we obtained information from a consumer reporting agency as part of our consideration of your application, its name, address and toll-free telephone number is shown below.

We did not obtain a copy of your credit bureau report when reviewing your application for credit.

Sincerely,

Exeter Finance LLC

**NOTICE:** The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning this creditor is the Federal Trade Commission, Consumer Response Center, 600 Pennsylvania Avenue NW, Washington, DC 20580.

Ally Bank
P.O. Box 814450
Dallas, Texas 75381-4450

000002674 MAAL05DD083025057807 01 000000 002674 002
KEYARAH SMITH
[redacted]

August 25, 2025

1-877-401-2559
Application Number 1509206345

00002674 05347 0001-0002 DAAL05DD083025057807 00 L 00002674

We were recently informed by Edwards Chevrolet Co., Inc., 1400 3rd Ave N, Birmingham, AL, 35203-1827 that it was considering the credit sale or lease of a 2023 Chevrolet Trailblazer to you and asked whether we would be prepared to accept your obligation if the transaction was completed.

We must regretfully inform you that we were not agreeable to handling the proposed transaction.

Our decision was based in whole or in part on information in a report from the credit reporting agency (or agencies) listed below:

| | | | | | |
|---|---|---|---|---|---|
| Applicant<br>Experian | PO Box 2002 | Allen | TX | 75013 | 888-397-3742 |
| Applicant<br>SageStream, LLC | PO Box 105108 | Atlanta | GA | 30348-5108 | 888-395-0277 |

You have a right under the Fair Credit Reporting Act to know the information in your credit file at the consumer reporting agency (or agencies). The reporting agency (or agencies) did not make our decision for us and cannot supply specific reasons for our decision. You have a right to a free copy of your report(s) from the consumer reporting agency (or agencies), if you ask no later than 60 days after you receive this notice. If you find that any information in the report(s) you receive is inaccurate or incomplete, you have the right to dispute the matter with the consumer reporting agency (or agencies).

00

**Information about Your Credit Score: Experian**
We attempted to obtain your credit score from Experian to use it in making our credit decision. A credit score is a number that reflects the information in your credit report. A credit score can change, depending on how the information in your credit report changes.

Your credit score was not available from Experian on August 11, 2025. This consumer reporting agency may not have enough information about your credit history to calculate a score.

**Information about Your Credit Score: SageStream, LLC**
We also attempted to obtain your credit score from SageStream, LLC to use it in making our credit decision. A credit score is a number that reflects the information in your credit report. A credit score can change, depending on how the information in your credit report changes.

Your credit score was not available from SageStream, LLC on August 5, 2025. This consumer reporting agency may not have enough information about your credit history to calculate a score.

**THE FEDERAL EQUAL CREDIT OPPORTUNITY ACT PROHIBITS CREDITORS FROM DISCRIMINATING AGAINST CREDIT APPLICATIONS ON THE BASIS OF RACE, COLOR, RELIGION, NATIONAL ORIGIN, SEX, MARITAL STATUS, AGE (PROVIDED THE APPLICANT HAS THE CAPACITY TO ENTER INTO A BINDING CONTRACT); BECAUSE ALL OR PART OF THE APPLICANT'S INCOME DERIVES FROM ANY PUBLIC ASSISTANCE PROGRAM; OR BECAUSE THE APPLICANT HAS IN GOOD FAITH EXERCISED ANY RIGHT UNDER THE CONSUMER CREDIT PROTECTION ACT. THE FEDERAL AGENCY THAT ADMINISTERS COMPLIANCE WITH THIS LAW CONCERNING THIS CREDITOR IS THE BUREAU OF CONSUMER FINANCIAL PROTECTION, 1700 G STREET NW, WASHINGTON, DC 20552.**

# EXHIBIT E

8:07 5G 5

# Account Details

**Experian Credit Report**
As of: **Today**

## WESTLAKE FINANCIAL SVC
**238334XX**

| | |
|---|---|
| Original Creditor | **WFS** |
| Company Sold | **-** |
| Account Type | **Auto Loan** |
| Date Opened | **Feb 25, 2023** |
| Open/Closed | **Closed** |
| Status | **Account charged off. $16,900 written off. $15,935 past due as of Aug 2025.** |
| Status Updated | **Jan 2025** |
| Balance | **$15,935** |
| Balance Updated | **Aug 15, 2025** |
| Last Payment Date | **Feb 19, 2025** |
| Paid Off | **4%** |
| Monthly Payment | **-** |
| Past Due Amount | **$15,935** |
| Original Balance | **$16,567** |
| Terms | **60 Months** |
| Responsibility | **Individual** |

Your Statement:

-

Comments:

Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)

Contact Info:

**(888) 739-9192**

**4751 WILSHIRE BLVD STE 1**
**LOS ANGELES, CA 90010**

# 24-month payment history

If you want to see your full payment history, log in using a web browser.

8:08

Account Details

Experian Credit Report

As of: **Today**

Contact Info:

**(888) 739-9192**

**4751 WILSHIRE BLVD STE 1**
**LOS ANGELES, CA 90010**

## 24-month payment history

If you want to see your full payment history, log in using a web browser.

| | | | |
|---|---|---|---|
| 10/25 | 09/25 | 08/25 | 07/25 |
| 06/25 | 05/25 | 04/25 | 03/25 |
| 02/25 | 01/25 | 12/24 | 11/24 |
| 10/24 | 09/24 | 08/24 | 07/24 |
| 06/24 | 05/24 | 04/24 | 03/24 |
| 02/24 | 01/24 | 12/23 | 11/23 |

# EXHIBIT F

## Your American Arbitration Association receipt [#1193-4705]

American Arbitration Association
[redacted]
Sat, Feb 1, 2025, 4:44 PM

# Receipt from American Arbitration Association

Receipt #1193-4705

| AMOUNT PAID | DATE PAID | PAYMENT METHOD |
|---|---|---|
| $225.00 | Feb 1, 2025, 5:42:15 PM | **VISA** - 0424 |

**SUMMARY**

| | |
|---|---|
| Paylink: Case 012400090358 ($225.00); PaymentID:37003 | $225.00 |
| **Amount paid** | **$225.00** |

If you have any questions, visit our support site at **https://www.adr.org/ContactUs** or contact us at **CustomerService@adr.org**.

AMERICAN ARBITRATION ASSOCIATION®

# DEMAND FOR ARBITRATION
# CONSUMER ARBITRATION RULES

Complete this form to start arbitration under an arbitration agreement in a contract.

| | | |
|---|---|---|
| 1. Which party is sending in the filing documents? *(check one)* ☑ Consumer ☐ Business | | |
| 2. Briefly explain the dispute: Westlake Financial engaged in improper practices related to my vehicle, which is currently inoperable due to serious mechanical issues. These issues fall under the FTC Holder Rule, as the vehicle was sold with significant mechanical defects. I am seeking arbitration to resolve this matter. | | |
| 3. Specify the amount of money in dispute, if any: $ 8,705.10 | | |
| 4. State any other relief you are seeking: ☐ Attorney Fees ☐ Interest ☐ Arbitration Costs ☑ Other; explain: Statuatory Damages in the amount of $21,883.00 | | |
| 5. Identify the requested city and state for the hearing if an in-person hearing is held: City: BIRMINGHAM | State: Alabama | |
| 6. Please provide contact information for both the Consumer and the Business. Attach additional sheets or forms as needed. | | |
| **Consumer:** | | |
| Name: KEYARAH MCKENZIE SMITH | | |
| Address: 4940 COURT G | | |
| City: FAIRFIELD | State: Alabama | Zip Code: 35064 |
| Telephone: 659-257-8668 | Fax: | |
| Email Address: KEYARAH.SMITH@OUTLOOK.COM | | |
| **Consumer's Representative (if known):** | | |
| Name: | | |
| Firm: | | |
| Address: | | |
| City: | State: Select... | Zip Code: |
| Telephone: | Fax: | |
| Email Address: | | |
| **Business:** | | |
| Name: WESTLAKE FINANCIAL | | |
| Address: PO BOX 76814 | | |
| City: LOS ANGELES | State: California | Zip Code: 90076-0809 |
| Telephone: 18557171250 | Fax: | |
| Email Address: | | |

# AMERICAN ARBITRATION ASSOCIATION

**KEYARAH MCKENZIE SMITH,**
**Claimant**
**v.**
**Westlake Financial Services,**
**Respondent,**

______________________ /

**CASE NO.**
**01-24-0009-0358**

## DEMAND FOR ARBITRATION

**COMES NOW** the Claimant, **Keyarah McKenzie Smith** ("Claimant"), and files this Demand for Arbitration against **Westlake Financial Services** ("Respondent"), and in support thereof alleges the following:

## INTRODUCTION

This arbitration arises from a Retail Installment Sale Contract ("Contract") executed between Claimant and Respondent for the financing of a used vehicle.

The vehicle has been **inoperable for over nine (9) months**, yet Respondent has continued to demand full payment under the loan terms despite the substantial mechanical issues.

The loan's **14.79% APR** and the extended loan term of **72 months** on a used vehicle constitute predatory and unconscionable terms, making repayment virtually impossible.

Claimant alleges that Respondent's conduct violates the **FTC Holder Rule (16 C.F.R. § 433)**, applicable consumer protection laws, and the implied covenant of good faith and fair dealing.

Claimant seeks **$8,053.18** in damages, including reimbursement of payments made while the vehicle was inoperable, cancellation of the remaining loan balance, and statutory damages.

## FACTUAL BACKGROUND

On or about February 25,2023, Claimant entered into a Retail Installment Sale Contract with Respondent to finance the purchase of a 2014, Chevrolet, Impala vehicle. The financing terms were as follows:

- **Amount Financed**: $16,567.00
- **Finance Charge**: $7,048.40
- **Total of Payments**: $23,615.40
- **Down Payment**: $2,000.00
- **Total Sale Price**: $25,615.40
- **Loan Term**: 72 months
- **APR**: 14.79%

Shortly after purchase, the vehicle began exhibiting mechanical issues, ultimately becoming **inoperable for over nine (9) months**, despite Claimant making payments.

The ongoing inability to use the vehicle has rendered it a financial burden, as Claimant is effectively paying for a vehicle that cannot fulfill its intended purpose.

The loan is now in **repossession status**, further exacerbating the financial and emotional distress experienced by Claimant.

Despite being notified of the vehicle's defects, Respondent has failed to provide any remedy, relief, or reasonable resolution.

## LEGAL CLAIMS

**COUNT I: VIOLATION OF THE FTC HOLDER RULE (16 C.F.R. § 433)**
The **FTC Holder Rule** imposes liability on any holder of a consumer credit contract for claims and defenses that the buyer could assert against the seller of the financed goods.

The vehicle was sold in defective condition, breaching the implied warranty of merchantability. These defects, which have left the vehicle inoperable, constitute grounds for a claim under the Holder Rule.

As the holder of the contract, Respondent is liable for the seller's failure to deliver a vehicle fit for its intended use.

**COUNT II: UNCONSCIONABLE LOAN TERMS**
The loan's **14.79% APR**, coupled with the extended **72-month loan term**, represents excessive and predatory lending practices.

The combination of these terms, particularly for a used vehicle, renders the loan unconscionable and oppressive, violating principles of equity and fairness.

The loan's repayment structure results in Claimant paying over **$23,615.40** for a vehicle originally priced at **$18,567.00** (including the down payment), creating a financial burden that is disproportionate to the value of the vehicle, particularly in its inoperable condition.

**COUNT III: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
The vehicle was not fit for its ordinary purpose of providing reliable transportation, as evidenced by the mechanical issues and inoperable state.

Respondent, as the holder of the contract, is liable for the seller's breach of this implied warranty under the **FTC Holder Rule**.

**COUNT IV: VIOLATION OF STATE CONSUMER PROTECTION LAWS**
Respondent's actions, including failing to address the vehicle's defects and continuing to demand payments on an inoperable vehicle, constitute unfair and deceptive practices under [State's Consumer Protection Statute, e.g., Alabama Deceptive Trade Practices Act].

The unreasonable loan terms and failure to provide proper assistance or resolution are contrary to public policy and consumer rights.

## DAMAGES

Claimant seeks the following relief:

**Loan Adjustment or Rescission**: Cancellation or significant adjustment of the loan to reflect the diminished value and inoperable state of the vehicle.

**Reimbursement**: Refund of payments made on the loan during the period in which the vehicle was inoperable.

- Claimant requests a total of **$8,053.18**, representing payments made while the vehicle was inoperable and statutory damages under applicable laws.

**Removal of Negative Credit Reporting**: Immediate removal of any negative credit reporting related to this loan or repossession status.

**Statutory Damages:** Compensation as allowed under applicable laws, including but not limited to the **FTC Holder Rule** and state consumer protection statutes.

**Other Relief**: Any other relief deemed just and proper by the arbitrator, including costs and fees associated with this arbitration.

## PRAYER FOR RELIEF

WHEREFORE, Claimant respectfully requests that the Arbitrator:

**Find** Respondent in violation of the FTC Holder Rule and applicable consumer protection laws.

**Award** damages, including loan cancellation, reimbursement of payments, and statutory damages totaling **$8,053.18**.

**Order** removal of all negative credit reporting associated with this matter.

**Grant** such other and further relief as deemed just and equitable.

**Respectfully submitted,**

[redacted]

January 23, 2025

DOCUMENT 1

**RE: Keyarah Mckenzie-Smith v Westlake Financial - Case 01-24-0009-0358**

Consumer Case Filing Team
[redacted]brandt@westlakefinancial.com ,
Westlake_LegalDepartment@westlakefinancial.com
Consumer Case Filing Team
Tue, Feb 4, 2025, 10:23 AM

Good Morning,

American Arbitration Association has received the correspondence in regards to the small claims option invoked by the respondent. Because the Claimant has objected to this invocation of Rule R-9 stating that the claim does not fall under the jurisdiction of the small claims court, the Respondent's request becomes an issue of arbitrability which shall be decided by the arbitrator. Any further dispute regarding the arbitrability of this claim should be raised to the arbitrator for a determination once one has been appointed.

The case is under review with our intake process. Our Consumer Filing Team will contact the parties shortly regarding any remaining filing requirements due.

The parties will not be able to view the case on the AAA dashboard until all of the filing requirements have been met and it has been assigned to a case manager. Once it is assigned to a case manager, the parties will be able to see the case on the website when you log in.

Per the AAA rules all parties must be copied on all correspondence. We kindly remind the parties to copy each other on all correspondence. We have copied all parties on this email as per our Rules.

Thank You,
Colleen on behalf of the Consumer Filing Team

**Consumer Case Filing Team**

1101 Laurel Oak Road
Suite 100, Voorhees, NJ 08043
E: ConsumerFiling@adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

---

Justin Brandt
Consumer Case Filing Team
Westlake_Legal Department
keyarah.smith@outlook.com
Tue, Feb 4, 2025, 10:34 AM

R-9(b) is not discretionary, so Respondent will not be paying arbitration fees or proceeding in arbitration.

**Justin M. Brandt**
Assistant General Counsel I Westlake Financial

4751 Wilshire Blvd, Suite 100, Los Angeles, CA 90010
jbrandt@westlakefinancial.com

---

Keyarah Smith
Justin Brandt , Consumer Case Filing Team
Westlake_Legal Department
Tue, Feb 4, 2025, 1:16 PM

I acknowledge your statement that Westlake Financial is refusing to pay the required arbitration fees and will not proceed with arbitration, despite the binding arbitration agreement contained in our Retail Installment Sale Contract.

As you are aware, the arbitration agreement explicitly grants either party the right to elect arbitration, and I exercised that right by filing a claim with the American Arbitration Association (AAA) and paying the required $225 filing fee. Your client's refusal to participate in arbitration constitutes a breach of contract and a bad faith attempt to evade legal accountability.

I request that Westlake Financial formally confirm in writing that it is:

1. Refusing to pay the required arbitration fees.
2. Refusing to participate in arbitration despite a contractual obligation to do so.

If your client is refusing arbitration altogether, this will be considered a waiver of their right to arbitration under the Federal Arbitration Act (FAA), 9 U.S.C. § 1-16. Given this refusal, I will be exploring all available legal remedies, including filing a motion to compel arbitration or pursuing this matter in court.

Please provide written confirmation of your client's final position regarding arbitration by two business days, so I may proceed accordingly.

Warm regards ,
Keyarah McKenzie Smith

Get Outlook for iOS

---

Justin Brandt
Keyarah Smith
Westlake_Legal Department
Tue, Feb 4, 2025, 1:25 PM

Westlake's prior statements speak for themselves.

We thus decline your request and associated allegations.

**Justin M. Brandt**

Assistant General Counsel, Westlake Financial
4751 Wilshire Blvd., Suite 100, Los Angeles, CA 90010
jbrandt@westlakefinancial.com

4 Emails

# EXHIBIT G

Outlook

**RE: Keyarah Mckenzie Smith v. Westlake Financial - Case 01-24-0009-0358**

**From** Consumer Case Filing Team <ConsumerFiling@adr.org>
**Date** Tue 2/4/2025 8:23 AM
**To** keyarah.smith@outlook.com <keyarah.smith@outlook.com>; jbrandt@westlakefinancial.com <jbrandt@westlakefinancial.com>; Westlake_LegalDepartment@westlakefinancial.com <Westlake_LegalDepartment@westlakefinancial.com>
**Cc** Consumer Case Filing Team <ConsumerFiling@adr.org>

Good Morning,

American Arbitration Association has received the correspondence in regards to the small claims option invoked by the respondent. Because the Claimant has objected to this invocation of Rule R-9 stating that the claim does not fall under the jurisdiction of the small claims court, the Respondent's request becomes an issue of arbitrability which shall be decided by the arbitrator. Any further dispute regarding the arbitrability of this claim should be raised to the arbitrator for a determination once one has been appointed.

The case is under review with our intake process. Our Consumer Filing Team will contact the parties shortly regarding any remaining filing requirements due.

The parties will not be able to view the case on the AAA dashboard until all of the filing requirements have been met and it has been assigned to a case manager. Once it is assigned to a case manager, the parties will be able to see the case on the website when you log in.

Per the AAA rules all parties must be copied on all correspondence. We kindly remind the parties to copy each other on all correspondence. We have copied all parties on this email as per our Rules.

Thank You,
Colleen on behalf of the Consumer Filing Team

**Consumer Case Filing Team**

1101 Laurel Oak Road
Suite 100, Voorhees, NJ 08043
E: ConsumerFiling@adr.org

NPT's BEST NONPROFITS TO WORK FOR ★2024★

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

Outlook

**RE: Keyarah Mckenzie Smith v. Westlake Financial - Case 01-24-0009-0358**

**From** Justin Brandt <jbrandt@westlakefinancial.com>
**Date** Tue 2/4/2025 8:34 AM
**To** Consumer Case Filing Team <ConsumerFiling@adr.org>
**Cc** Westlake_Legal Department <Westlake_LegalDepartment@westlakefinancial.com>; keyarah.smith@outlook.com <keyarah.smith@outlook.com>

R-9(b) is not discretionary, so Respondent will not be paying arbitration fees or proceeding in arbitration.

**Justin M. Brandt**
Assistant General Counsel | Westlake Financial
4751 Wilshire Blvd., Suite 100, Los Angeles, CA 90010
jbrandt@westlakefinancial.com

**From:** Consumer Case Filing Team <ConsumerFiling@adr.org>
**Sent:** Tuesday, February 4, 2025 8:23 AM
**To:** keyarah.smith@outlook.com; Justin Brandt <jbrandt@westlakefinancial.com>; Westlake_Legal Department <Westlake_LegalDepartment@westlakefinancial.com>
**Cc:** Consumer Case Filing Team <ConsumerFiling@adr.org>
**Subject:** RE: Keyarah Mckenzie Smith v. Westlake Financial - Case 01-24-0009-0358

**SECURITY FIRST** External email, sender: prvs=513038afc7=consumerfiling@adr.org, use caution clicking links or opening attachments.

Good Morning,

American Arbitration Association has received the correspondence in regards to the small claims option invoked by the respondent. Because the Claimant has objected to this invocation of Rule R-9 stating that the claim does not fall under the jurisdiction of the small claims court, the Respondent's request becomes an issue of arbitrability which shall be decided by the arbitrator. Any further dispute regarding the arbitrability of this claim should be raised to the arbitrator for a determination once one has been appointed.

The case is under review with our intake process. Our Consumer Filing Team will contact the parties shortly regarding any remaining filing requirements due.

The parties will not be able to view the case on the AAA dashboard until all of the filing requirements have been met and it has been assigned to a case manager. Once it is assigned to a case manager, the parties will be able to see the case on the website when you log in.

Per the AAA rules all parties must be copied on all correspondence. We kindly remind the parties to copy each other on all correspondence. We have copied all parties on this email as per our Rules.

Thank You,
Colleen on behalf of the Consumer Filing Team

**Consumer Case Filing Team**

1101 Laurel Oak Road
Suite 100, Voorhees, NJ 08043
E: ConsumerFiling@adr.org

NPT's BEST NONPROFITS TO WORK FOR ★2024★

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**DISCLAIMER**: The information (including any attachments) contained in this communication is only meant for the intended recipient of the transmission, and may be a confidential or a communication privileged by law. If you are not the addressee or authorized to receive this for the addressee, you must not use, copy, disclose, or take any action based on this message or any information herein. If you have received this communication in error, please re-send this communication to the sender and delete the original message or any copy of it from your computer system. Thank You.

Outlook

## Re: Keyarah Mckenzie Smith v. Westlake Financial - Case 01-24-0009-0358

**From** Keyarah Smith <keyarah.smith@outlook.com>
**Date** Tue 2/4/2025 11:16 AM
**To** Justin Brandt <jbrandt@westlakefinancial.com>; Consumer Case Filing Team <ConsumerFiling@adr.org>
**Cc** Westlake_Legal Department <Westlake_LegalDepartment@westlakefinancial.com>

I acknowledge your statement that Westlake Financial is refusing to pay the required arbitration fees and will not proceed with arbitration, despite the binding arbitration agreement contained in our Retail Installment Sale Contract.

As you are aware, the arbitration agreement explicitly grants either party the right to elect arbitration, and I exercised that right by filing a claim with the American Arbitration Association (AAA) and paying the required $225 filing fee. Your client's refusal to participate in arbitration constitutes a breach of contract and a bad faith attempt to evade legal accountability.

I request that Westlake Financial formally confirm in writing that it is:
1. Refusing to pay the required arbitration fees.
2. Refusing to participate in arbitration despite a contractual obligation to do so.

If your client is refusing arbitration altogether, this will be considered a waiver of their right to arbitration under the Federal Arbitration Act (FAA), 9 U.S.C. § 1-16. Given this refusal, I will be exploring all available legal remedies, including filing a motion to compel arbitration or pursuing this matter in court.

Please provide written confirmation of your client's final position regarding arbitration by two business days, so I may proceed accordingly.

Warm regards ,
Keyarah McKenzie Smith

Get Outlook for iOS

---

**From:** Justin Brandt <jbrandt@westlakefinancial.com>
**Sent:** Tuesday, February 4, 2025 10:34:15 AM
**To:** Consumer Case Filing Team <ConsumerFiling@adr.org>
**Cc:** Westlake_Legal Department <Westlake_LegalDepartment@westlakefinancial.com>; keyarah.smith@outlook.com <keyarah.smith@outlook.com>
**Subject:** RE: Keyarah Mckenzie Smith v. Westlake Financial - Case 01-24-0009-0358

R-9(b) is not discretionary, so Respondent will not be paying arbitration fees or proceeding in arbitration.

**Justin M. Brandt**
Assistant General Counsel | Westlake Financial
4751 Wilshire Blvd., Suite 100, Los Angeles, CA 90010
jbrandt@westlakefinancial.com

**From:** Consumer Case Filing Team <ConsumerFiling@adr.org>
**Sent:** Tuesday, February 4, 2025 8:23 AM
**To:** keyarah.smith@outlook.com; Justin Brandt <jbrandt@westlakefinancial.com>; Westlake_Legal Department <Westlake_LegalDepartment@westlakefinancial.com>
**Cc:** Consumer Case Filing Team <ConsumerFiling@adr.org>
**Subject:** RE: Keyarah Mckenzie Smith v. Westlake Financial - Case 01-24-0009-0358

| | |
|---|---|
| **SECURITY FIRST** | External email, sender: prvs=513038afc7=consumerfiling@adr.org, use caution clicking links or opening attachments. |

Good Morning,

American Arbitration Association has received the correspondence in regards to the small claims option invoked by the respondent. Because the Claimant has objected to this invocation of Rule R-9 stating that the claim does not fall under the jurisdiction of the small claims court, the Respondent's request becomes an issue of arbitrability which shall be decided by the arbitrator. Any further dispute regarding the arbitrability of this claim should be raised to the arbitrator for a determination once one has been appointed.

The case is under review with our intake process. Our Consumer Filing Team will contact the parties shortly regarding any remaining filing requirements due.

The parties will not be able to view the case on the AAA dashboard until all of the filing requirements have been met and it has been assigned to a case manager. Once it is assigned to a case manager, the parties will be able to see the case on the website when you log in.

Per the AAA rules all parties must be copied on all correspondence. We kindly remind the parties to copy each other on all correspondence. We have copied all parties on this email as per our Rules.

Thank You,
Colleen on behalf of the Consumer Filing Team

**Consumer Case Filing Team**

1101 Laurel Oak Road
Suite 100, Voorhees, NJ 08043
E: ConsumerFiling@adr.org

NPT's BEST NONPROFITS TO WORK FOR ★2024★

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**DISCLAIMER**: The information (including any attachments) contained in this communication is only meant for the intended recipient of the transmission, and may be a confidential or a communication privileged by law. If you are not the addressee or authorized to receive this for the addressee, you must not use, copy, disclose, or take any action based on this message or any information herein. If you have received this communication in error, please re-send this communication to the sender and delete the original message or any copy of it from your computer system. Thank You.

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

Northeast Case Management Center
1301 Atwood Avenue
Johnston, RI 02919

February 21, 2025

Keyarah McKenzie Smith
[redacted]

Justin M. Brandt, Esq.
Westlake Services, LLC
4751 Wilshire Boulevard
Suite 100
Los Angeles, CA 90010
Via Email to: jbrandt@westlakefinancial.com

**Case Number: 01-24-0009-0358**

Keyarah McKenzie Smith
-vs-
Westlake Financial

Dear Parties:

This will confirm that the above-captioned matter was withdrawn and **we have administratively closed our file.**

Once the consumer has met the filing requirements filing fees are due from the business. If a matter is settled or withdrawn prior to receipt of the filing fees from the business, the American Arbitration Association ("AAA") bills the business the filing fee of $375 plus the $300 Expedited Review Fee for our review of the arbitration clause. Per the Consumer Arbitration Rules and Fee Schedule, the Consumer's filing fee is non-refundable regardless of whether the case settles or is withdrawn. The Consumer's portion of the filing fee in the amount of $225 is non-refundable.

The consumer's filing requirements were met on February 1, 2025. The administrative fee and expedited review fees were first requested in a letter dated February 5, 2025. Claimant notified the AAA that the parties will be pursuing this matter in the District Court on February 5, 2025. The AAA sent correspondence to Claimant to confirm withdrawal by February 14, 2025, which went unanswered. The AAA has assumed that this matter has withdrawn. **The business is requested to pay their fee in the amount of $675 on or before March 7, 2025.** An invoice with payment instructions will follow shortly.

Businesses often inquire why fees are assessed on consumer cases that settle or are withdrawn. In addition to the services provided to the parties on this matter, including communicating with the parties, creating and managing a file, and reviewing the consumer agreement, one of our key policies on consumer arbitration has to do with cost assessment. The AAA expends considerable resources in providing educational material and in responding to consumer filings as a result of businesses incorporating our services into their contracts with consumers, and the filing of a claim often prompts settlement. Filing fees cover the costs of those services. Under our non-consumer procedures, the filing party covers the cost of the AAA's services, even when cases are withdrawn or settled early in the process. In consumer cases, we shift these costs to the business, regardless of who files the claims. This shifting of costs to the business is a result of various court decisions, particularly *Greentree Financial v. Randolph* (U.S. Supreme Court, No. 99-1235), that address the costs of arbitration to consumers. In this way, the business is

expected to support the dispute resolution process that it mandates in its consumer contracts.

We hope you understand and continue to support the AAA's policies on consumer arbitration by paying the invoiced amount. Please note the AAA may decline to administer future matters involving the business and its consumers if this is not paid.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the date of this letter.

Thank you for choosing the AAA for your dispute resolution needs.

Sincerely,

Consumer Team
Email: Consumer@adr.org

# EXHIBIT H

# 250204-18547896

CLOSED

## Submitted

| STATUS | PRODUCT | ISSUE |
| --- | --- | --- |
| Submitted to the CFPB on 2/4/2025 | Vehicle loan or lease | Repossession |

### We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

YOUR COMPLAINT

I am filing a formal complaint against Westlake Financial Services due to their failure to honor their contractual obligations, improper repossession practices, refusal to engage in arbitration, predatory lending practices, and failure to provide required notices regarding my vehicle. Additionally, Westlake Financial is in violation of the FTC Holder Rule (16 C.F.R. § 433) as the vehicle had significant mechanical issues that made it inoperable, yet they continued to demand full payment without resolution. Key Issues: 1. Failure to Address Mechanical Issues – Violation of the FTC Holder Rule (16 C.F.R. § 433) • The FTC Holder Rule establishes that any claim or defense the consumer may have against the seller also applies to the creditor or holder of the loan. • I notified Westlake Financial multiple times about severe mechanical defects in my vehicle, which rendered it inoperable for over eight (8) months. • Despite these repeated notifications, Westlake Financial failed to provide any assistance, remedy, or resolution, and continued to demand full payment. • The vehicle was unable to be repaired despite multiple attempts, leaving me with a non-functioning vehicle while still being held to an unreasonable payment schedule. • Since Westlake Financial is the holder of the contract, they are legally responsible under the FTC Holder Rule for the seller's failure to provide a functioning vehicle. 2. Failure to Honor Arbitration Agreement – Breach of Contract • My Retail Installment Sale Contract with Westlake Financial includes a binding arbitration clause, allowing either party to elect arbitration as the method of dispute resolution. • I formally filed for arbitration with the American Arbitration Association (AAA), paid the $225 filing fee, and notified Westlake Financial of the pending arbitration case. • Westlake Financial is now refusing to arbitrate, attempting to force the case into Small Claims Court despite their contractual obligation to resolve disputes through arbitration. • This refusal to arbitrate constitutes a breach of contract and a bad faith effort to avoid accountability. • Under the Federal Arbitration Act (9 U.S.C. § 1-16), arbitration agreements are legally binding and enforceable.

and companies cannot ignore them once elected. 3. Improper Repossession & Failure to Provide Required Notices • Westlake Financial repossessed my vehicle citing non-payment, despite being fully aware that the vehicle was inoperable and unable to be repaired. • I have not received any correspondence regarding: • My right to reclaim the vehicle • The amount required to reinstate the loan or redeem the vehicle • How to retrieve my personal property from the vehicle • Under Uniform Commercial Code (UCC § 9-611 and § 9-614) and applicable state law, lenders must provide proper notice before and after repossession, which Westlake Financial has failed to do. • Failure to notify me about retrieving my personal property violates consumer protection laws and subjects them to potential liability. 4. Unfair and Predatory Lending Practices – Excessive Interest Rate • Westlake Financial imposed an excessive and predatory interest rate of 14.79%, making repayment financially impossible. • The loan's high interest rate, extended 72-month term, and the vehicle's mechanical issues resulted in an unconscionable financial burden on me. • This violates principles of fair lending and constitutes predatory lending, especially given that the vehicle could not be repaired despite multiple attempts. 5. Negative Credit Reporting While Dispute is Ongoing – FCRA & FDCPA Violations • Westlake Financial continues to report negative information to Equifax, Experian, and TransUnion while this dispute remains unresolved and in arbitration. • Under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2, creditors are required to accurately report information and update reporting if an account is in dispute. • Under Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e(8), it is illegal to furnish false or misleading credit information, particularly when an account is subject to a pending dispute. • Westlake Financial's failure to cease negative reporting or at the very least note the dispute status violates consumer protection laws.

ATTACHMENTS

CLAIM (WESTLAKE).pdf (123.1 KB)

Open WESLAKE 1-14.pdf (1.5 MB)

ARB WESTLAKE.pdf (104.6 KB)

IMG_5215.png (275.4 KB)

View full complaint ⊕

## Sent to company

STATUS

Sent to company on 2/4/2025

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

## Company responded

STATUS

Company responded on 2/5/2025

RESPONSE TYPE

Closed with explanation

### Company's Response

Please see attached response and supporting documents.

ATTACHMENTS

Payment History.pdf (14.9 KB)

Notice of Intent 1.26.25.pdf (292.2 KB)

Keyarah McKenzie Smith Response.pdf (90.3 KB)

Contract.pdf (1.6 MB)

Serious Default 11.10.24.pdf (141.5 KB)

## Feedback requested

| STATUS | FEEDBACK DUE |
| --- | --- |
| Feedback requested on 2/5/2025 | 4/6/2025 |

### Provide feedback about the company's response

We welcome your feedback on how the company responded to your complaint. You will have 60 days from when the company responded to share your feedback. The CFPB will share your feedback responses with the company and use the information to help the CFPB's work with consumer complaints.

## Closed

The CFPB has closed your complaint.

Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question? ¿Preguntas?

(855) 411-2372

TTY/TTD: (855) 729-2372

8 a.m. to 8 p.m. ET, Monday through Friday
(except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

More than 180 languages available.

---

An official website of the United States Government

Westlake Financial®

4751 Wilshire Blvd. Suite 100 Los Angeles, CA 90010

February 6, 2025

Keyarah McKenzie Smith
[redacted]

RE: CFPB Complaint # 250204-18547896
Westlake Financial Services Account # 23833495

Dear Ms. McKenzie Smith:

Westlake Financial ("Westlake", "we" or "our") has received the above referenced complaint. We value our customers and consider each complaint an opportunity to assist and service our customers more effectively. Thank you for permitting Westlake the opportunity to respond to your concerns.

To clarify, Westlake Financial does not physically check or test the vehicles. Our role is to facilitate the financing of your purchase. It is the dealer's responsibility to ensure that vehicles it sells are roadworthy and meet quality standards. As a buyer, it's important to thoroughly inspect the vehicle and ensure it meets your standards before finalizing the purchase.

Westlake does offer a merchantability claim under specific conditions. This claim can be reviewed if there's a computerized diagnostic report from a certified mechanic that identifies major issues with the engine or transmission. This report must be dated within the first 30 days or 1,000 miles from the date of the purchase. We did not receive a report to back up your merchantability claim and allow us to investigate. In the absence of this document, a separate claim must be filed against the dealership, and we will participate in any such investigation as required.

The account was charged off on January 31, 2025, resulting in a deficiency balance of $16,947.60. You remain liable for this amount, less any credit for sale of the vehicle if you do not redeem the vehicle. Attached are copies of your original contract, payment history, and notices sent to you on top of the numerous notifications we sent out regularly.

As for your legal claims, as our Legal Department has previously discussed with you, we dispute your position. We will respond to your legal claims in the appropriate venue.

Westlake trusts that we have sufficiently addressed your concerns. If you have any other questions or concerns, please call our Customer Service Department at 888-739-9192. Business hours are Monday – Friday: 5:00am – 7:00pm and Saturday: 5:00am – 2:00pm Pacific Time.

Sincerely,

Noel De Leon
Customer Assistance Associate

**Payment History**

## CUSTOMER INFORMATION

**Account:** 23833495 AL,SI,GOLD LOAN (NEW)
**Dealer:** 100359350 - HOMEWOOD AUTO SALES
**Customer:** SMITH, KEYARAH

**Address1:** 1535 BAY AVE SW
**Address2:**
**City State Zip:** BIRMINGHAM, AL 35211

**Home Phone:** 2059250456

## ACCOUNT INFORMATION

**Contract Dt:** 2/25/23
**Active Dt:** 3/1/23
**Term:** 60
**Paid Term:** 12
**Opening Bal:** 16,567.00

**Current Bal:** 16,947.60
**Late Chg Bal:** 0.00
**NSF Bal:** 0.00
**Other Bal:** 0.00
**Total Bal:** 0.00

**Last Pmt Dt:** 9/6/24
**Next Due Dt:** 10/5/24
**First Due Dt:** 4/5/23
**Rate:** 14.79
**APR:** 14.79

## ACCOUNT DETAIL

| Post Dt | Txn Dt | Description | Amount | Mode | Reason | Reference | Balance Amt |
|---|---|---|---|---|---|---|---|
| 3/1/23 | 2/25/23 | ACTIVE | 0.00 | | NONE INTERNAL | | 0.00 |
| 3/1/23 | 2/25/23 | FND CASH SALES/ ADVANCE AMOUNT | 14,567.00 | | NONE INTERNAL | | 0.00 |
| 3/1/23 | 2/25/23 | FND SERVICE CONTRACT RETAIL | 2,000.00 | | NONE INTERNAL | | 0.00 |
| 3/1/23 | 2/25/23 | LOAN RECEIVABLES | 16,567.00 | | NONE INTERNAL | | 16,567.00 |
| 3/10/23 | 3/10/23 | INTEREST ACCRUAL | 87.27 | | NONE INTERNAL | | 16,567.00 |
| 3/10/23 | 3/10/23 | PAYMENT (Y) | 196.80 | ACI - MOBILE - CC | CUSTOMER PAYMENT | 1006872906 | 16,457.47 |
| | | *- INTEREST ACCRUAL* | *87.27* | | | | |
| | | *- ADV / PRIN* | *109.53* | | | | |
| 3/16/23 | 3/16/23 | BILL/DUE DATE | 393.59 | | NONE INTERNAL | | 16,457.47 |
| 3/24/23 | 3/24/23 | INTEREST ACCRUAL | 93.36 | | NONE INTERNAL | | 16,457.47 |
| 3/24/23 | 3/24/23 | PAYMENT (Y) | 196.79 | ACI - MOBILE - CC | CUSTOMER PAYMENT | 1010849251 | 16,354.04 |
| | | *- INTEREST BILLED* | *93.36* | | | | |

| Post Dt | Txn Dt | Description | Amount Mode | Reason | Reference | Balance Amt |
|---|---|---|---|---|---|---|
| 3/24/23 | 3/24/23 | PAYMENT (Y) | 196.79 ACI - MOBILE - CC | CUSTOMER PAYMENT | 1010849251 | 16,354.04 |
| | | *- ADV / PRIN BILLED* | *103.43* | | | |
| 3/27/23 | 3/27/23 | INSURANCE EXPIRED | 0.00 | NONE INTERNAL | | 16,354.04 |
| 4/15/23 | 4/15/23 | BILL/DUE DATE | 393.59 | NONE INTERNAL | | 16,354.04 |
| 4/16/23 | 4/16/23 | LATE CHARGE | 0.00 | NONE INTERNAL | | 16,354.04 |
| 5/16/23 | 5/16/23 | LATE CHARGE | 19.68 | NONE INTERNAL | | 16,354.04 |
| 5/16/23 | 5/16/23 | BILL/DUE DATE | 393.59 | NONE INTERNAL | | 16,354.04 |
| 5/18/23 | 5/18/23 | INTEREST ACCRUAL | 364.47 | NONE INTERNAL | | 16,354.04 |
| 5/18/23 | 5/18/23 | PAYMENT (Y) | 806.86 ACI - MOBILE - CC | CUSTOMER PAYMENT | 1026356232 | 15,931.33 |
| | | *- INTEREST BILLED* | *364.47* | | | |
| | | *- LATE CHARGE* | *19.68* | | | |
| | | *- ADV / PRIN BILLED* | *422.71* | | | |
| 6/15/23 | 6/15/23 | BILL/DUE DATE | 393.59 | NONE INTERNAL | | 15,931.33 |
| 6/16/23 | 6/16/23 | INTEREST ACCRUAL | 187.21 | NONE INTERNAL | | 15,931.33 |
| 6/16/23 | 6/16/23 | PAYMENT (Y) | 196.80 ACI - MOBILE - CC | CUSTOMER PAYMENT | 1034272208 | 15,921.74 |
| | | *- INTEREST BILLED* | *187.21* | | | |
| | | *- ADV / PRIN BILLED* | *9.59* | | | |
| 6/16/23 | 6/16/23 | LATE CHARGE | 0.00 | NONE INTERNAL | | 15,921.74 |
| 6/30/23 | 6/30/23 | INTEREST ACCRUAL | 90.32 | NONE INTERNAL | | 15,921.74 |
| 6/30/23 | 6/30/23 | PAYMENT (Y) | 196.79 ACI - MOBILE - CC | CUSTOMER PAYMENT | 1037972534 | 15,815.27 |
| | | *- ADV / PRIN BILLED* | *106.47* | | | |
| | | *- INTEREST BILLED* | *90.32* | | | |
| 7/14/23 | 7/14/23 | INTEREST ACCRUAL | 89.72 | NONE INTERNAL | | 15,815.27 |
| 7/14/23 | 7/14/23 | PAYMENT (Y) | 197.00 ACI - MOBILE - CC | CUSTOMER PAYMENT | 1041861781 | 15,707.99 |
| | | *- INTEREST ACCRUAL* | *89.72* | | | |

| Post Dt | Txn Dt | Description | Amount Mode | Reason | Reference | Balance Amt |
|---|---|---|---|---|---|---|
| 7/14/23 | 7/14/23 | PAYMENT (Y)<br>*- ADV / PRIN* | 197.00 ACI - MOBILE - CC<br>*107.28* | CUSTOMER PAYMENT | 1041861781 | 15,707.99 |
| 7/16/23 | 7/16/23 | LATE CHARGE | 0.00 | NONE INTERNAL | | 15,707.99 |
| 7/16/23 | 7/16/23 | BILL/DUE DATE | 393.59 | NONE INTERNAL | | 15,707.99 |
| 8/16/23 | 8/16/23 | LATE CHARGE | 10.00 | NONE INTERNAL | | 15,707.99 |
| 8/16/23 | 8/16/23 | BILL/DUE DATE | 393.59 | NONE INTERNAL | | 15,707.99 |
| 8/25/23 | 8/25/23 | INTEREST ACCRUAL | 267.33 | NONE INTERNAL | | 15,707.99 |
| 8/25/23 | 8/25/23 | PAYMENT (Y)<br>*- INTEREST BILLED*<br>*- ADV / PRIN BILLED* | 295.09 ACI - WEB - CC<br>*267.33*<br>*27.76* | CUSTOMER PAYMENT | 1053342361 | 15,680.23 |
| 9/15/23 | 9/15/23 | BILL/DUE DATE | 393.59 | NONE INTERNAL | | 15,680.23 |
| 9/16/23 | 9/16/23 | LATE CHARGE | 14.75 | NONE INTERNAL | | 15,680.23 |
| 9/24/23 | 9/24/23 | INTEREST ACCRUAL | 190.61 | NONE INTERNAL | | 15,680.23 |
| 9/24/23 | 9/24/23 | PAYMENT (Y)<br>*- INTEREST BILLED*<br>*- ADV / PRIN BILLED* | 213.43 ACI - MOBILE - CC<br>*190.61*<br>*22.82* | CUSTOMER PAYMENT | 1061290614 | 15,657.41 |
| 10/2/23 | 10/2/23 | EXTENSION | 0.00 NONE | NONE INTERNAL | UNDEFINED | 15,657.41 |
| 10/2/23 | 10/2/23 | EXTENSION FEE | 0.00 | NONE INTERNAL | | 15,657.41 |
| 10/6/23 | 10/6/23 | INTEREST ACCRUAL | 76.13 | NONE INTERNAL | | 15,657.41 |
| 10/6/23 | 10/6/23 | PAYMENT (Y)<br>*- ADV / PRIN BILLED*<br>*- INTEREST BILLED* | 280.00 ACI - MOBILE - CC<br>*203.87*<br>*76.13* | CUSTOMER PAYMENT | 1065485512 | 15,453.54 |
| 11/15/23 | 11/15/23 | BILL/DUE DATE | 393.59 | NONE INTERNAL | | 15,453.54 |
| 11/16/23 | 11/16/23 | LATE CHARGE | 10.00 | NONE INTERNAL | | 15,453.54 |

| Post Dt | Txn Dt | Description | Amount Mode | Reason | Reference | Balance Amt |
|---|---|---|---|---|---|---|
| 12/1/23 | 12/1/23 | INTEREST ACCRUAL | 350.66 | NONE INTERNAL | | 15,453.54 |

| Post Dt | Txn Dt | Description | Amount Mode | Reason | Reference | Balance Amt |
|---|---|---|---|---|---|---|
| 12/1/23 | 12/1/23 | INTEREST ACCRUAL | 350.66 | NONE INTERNAL | | 15,453.54 |
| 12/1/23 | 12/1/23 | PAYMENT (Y) | 358.59 ACI - MOBILE - CC | CUSTOMER PAYMENT | 1081088327 | 15,445.61 |
| | | *- ADV / PRIN BILLED* | *7.93* | | | |
| | | *- INTEREST BILLED* | *350.66* | | | |
| 12/15/23 | 12/15/23 | INTEREST ACCRUAL | 87.62 | NONE INTERNAL | | 15,445.61 |
| 12/15/23 | 12/15/23 | PAYMENT (Y) | 265.00 ACI - MOBILE - CC | CUSTOMER PAYMENT | 1084626382 | 15,302.98 |
| | | *- ADV / PRIN BILLED* | *142.63* | | | |
| | | *- INTEREST BILLED* | *87.62* | | | |
| | | *- LATE CHARGE* | *34.75* | | | |
| 12/16/23 | 12/16/23 | LATE CHARGE | 0.00 | NONE INTERNAL | | 15,302.98 |
| 12/16/23 | 12/16/23 | BILL/DUE DATE | 393.59 | NONE INTERNAL | | 15,302.98 |
| 1/16/24 | 1/16/24 | LATE CHARGE | 19.68 | NONE INTERNAL | | 15,302.98 |
| 1/16/24 | 1/16/24 | BILL/DUE DATE | 393.59 | NONE INTERNAL | | 15,302.98 |
| 2/9/24 | 2/9/24 | INTEREST ACCRUAL | 347.25 | NONE INTERNAL | | 15,302.98 |
| 2/9/24 | 2/9/24 | PAYMENT (Y) | 300.00 ACI - MOBILE - CC | CUSTOMER PAYMENT | 1099914655 | 15,302.98 |
| | | *- INTEREST BILLED* | *300.00* | | | |
| 2/14/24 | 2/14/24 | BILL/DUE DATE | 393.59 | NONE INTERNAL | | 15,302.98 |
| 2/16/24 | 2/16/24 | LATE CHARGE | 19.68 | NONE INTERNAL | | 15,302.98 |
| 3/2/24 | 3/2/24 | INTEREST ACCRUAL | 136.42 | NONE INTERNAL | | 15,302.98 |
| 3/2/24 | 3/2/24 | PAYMENT (Y) | 386.00 ACI - AGENT - CC | CUSTOMER PAYMENT | 1106608483 | 15,100.65 |
| | | *- INTEREST BILLED* | *183.67* | | | |
| | | *- ADV / PRIN BILLED* | *202.33* | | | |
| 3/16/24 | 3/16/24 | INTEREST ACCRUAL | 85.66 | NONE INTERNAL | | 15,100.65 |
| 3/16/24 | 3/16/24 | PAYMENT (Y) | 185.13 ACI - MOBILE - CC | CUSTOMER PAYMENT | 1110275824 | 15,001.18 |
| | | *- INTEREST BILLED* | *85.66* | | | |

| Post Dt | Txn Dt | Description | Amount Mode | Reason | Reference | Balance Amt |
|---|---|---|---|---|---|---|
| 3/16/24 | 3/16/24 | PAYMENT (Y) | 185.13 ACI - MOBILE - CC | CUSTOMER PAYMENT | 1110275824 | 15,001.18 |
| | | *- ADV / PRIN BILLED* | *99.47* | | | |
| 3/16/24 | 3/16/24 | LATE CHARGE | 15.48 | NONE INTERNAL | | 15,001.18 |
| 3/16/24 | 3/16/24 | BILL/DUE DATE | 393.59 | NONE INTERNAL | | 15,001.18 |
| 3/23/24 | 3/23/24 | INTEREST ACCRUAL | 42.55 | NONE INTERNAL | | 15,001.18 |
| 3/23/24 | 3/23/24 | PAYMENT (Y) | 108.07 ACI - MOBILE - CC | CUSTOMER PAYMENT | 1111964232 | 14,935.66 |
| | | *- ADV / PRIN BILLED* | *65.52* | | | |
| | | *- INTEREST BILLED* | *42.55* | | | |
| 3/29/24 | 3/29/24 | INTEREST ACCRUAL | 36.31 | NONE INTERNAL | | 14,935.66 |
| 3/29/24 | 3/29/24 | PAYMENT (Y) | 235.00 ACI - MOBILE - CC | CUSTOMER PAYMENT | 1113398215 | 14,736.97 |
| | | *- ADV / PRIN BILLED* | *198.69* | | | |
| | | *- INTEREST BILLED* | *36.31* | | | |
| 4/15/24 | 4/15/24 | BILL/DUE DATE | 393.59 | NONE INTERNAL | | 14,736.97 |
| 4/16/24 | 4/16/24 | LATE CHARGE | 18.01 | NONE INTERNAL | | 14,736.97 |
| 5/1/24 | 5/1/24 | EXTENSION | 0.00 NONE | NONE INTERNAL | UNDEFINED | 14,736.97 |
| 5/1/24 | 5/1/24 | EXTENSION FEE | 0.00 | NONE INTERNAL | | 14,736.97 |
| 5/13/24 | 5/13/24 | INTEREST ACCRUAL | 268.72 | NONE INTERNAL | | 14,736.97 |
| 5/13/24 | 5/13/24 | PAYMENT (Y) | 100.00 ACI - MOBILE - CC | CUSTOMER PAYMENT | 1126423719 | 14,736.97 |
| | | *- INTEREST BILLED* | *100.00* | | | |
| 5/17/24 | 5/17/24 | INTEREST ACCRUAL | 23.89 | NONE INTERNAL | | 14,736.97 |
| 5/17/24 | 5/17/24 | PAYMENT (Y) | 100.00 ACI - MOBILE - CC | CUSTOMER PAYMENT | 1127572934 | 14,736.97 |
| | | *- INTEREST BILLED* | *100.00* | | | |
| 5/24/24 | 5/24/24 | INTEREST ACCRUAL | 41.80 | NONE INTERNAL | | 14,736.97 |

| Post Dt | Txn Dt | Description | Amount Mode | Reason | Reference | Balance Amt |
|---|---|---|---|---|---|---|
| 5/24/24 | 5/24/24 | PAYMENT (Y)<br>*- INTEREST BILLED* | 50.00 ACI - MOBILE - CC<br>*50.00* | CUSTOMER PAYMENT | 1129045930 | 14,736.97 |
| 6/9/24 | 6/9/24 | INTEREST ACCRUAL | 95.54 | NONE INTERNAL | | 14,736.97 |
| 6/9/24 | 6/9/24 | PAYMENT (Y)<br>*- INTEREST BILLED* | 100.00 ACI - MOBILE - CC<br>*100.00* | CUSTOMER PAYMENT | 1133865080 | 14,736.97 |
| 6/15/24 | 6/15/24 | BILL/DUE DATE | 393.59 | NONE INTERNAL | | 14,736.97 |
| 6/16/24 | 6/16/24 | LATE CHARGE | 19.68 | NONE INTERNAL | | 14,736.97 |
| 7/16/24 | 7/16/24 | LATE CHARGE | 19.68 | NONE INTERNAL | | 14,736.97 |
| 7/16/24 | 7/16/24 | BILL/DUE DATE | 393.59 | NONE INTERNAL | | 14,736.97 |
| 8/16/24 | 8/16/24 | LATE CHARGE | 19.68 | NONE INTERNAL | | 14,736.97 |
| 8/16/24 | 8/16/24 | BILL/DUE DATE | 393.59 | NONE INTERNAL | | 14,736.97 |
| 9/6/24 | 9/6/24 | EXTENSION | 0.00 NONE | NONE INTERNAL | UNDEFINED | 14,736.97 |
| 9/6/24 | 9/6/24 | EXTENSION FEE | 0.00 | NONE INTERNAL | | 14,736.97 |
| 9/6/24 | 9/6/24 | INTEREST ACCRUAL | 531.46 | NONE INTERNAL | | 14,736.97 |
| 9/6/24 | 9/6/24 | PAYMENT (Y) | 10.16 ACI - AGENT - CC | CUSTOMER PAYMENT | 1158441484 | 14,736.97 |

| Post Dt | Txn Dt | Description | Amount Mode | Reason | Reference | Balance Amt |
|---|---|---|---|---|---|---|
| 9/6/24 | 9/6/24 | PAYMENT (Y) - *INTEREST BILLED* | 10.16 ACI - AGENT - CC *10.16* | CUSTOMER PAYMENT | 1158441484 | 14,736.97 |
| 9/6/24 | 9/6/24 | INTEREST ACCRUAL | 0.00 | NONE INTERNAL | | 14,736.97 |
| 9/6/24 | 9/6/24 | PAYMENT (Y) - *LATE CHARGE* | 20.00 ACI - AGENT - CC *20.00* | CUSTOMER PAYMENT | 1158441484 | 14,736.97 |
| 10/30/24 | 10/30/24 | EXTENSION | 0.00 NONE | NONE INTERNAL | UNDEFINED | 14,736.97 |
| 10/30/24 | 10/30/24 | EXTENSION FEE | 0.00 | NONE INTERNAL | | 14,736.97 |
| 1/16/25 | 1/16/25 | LATE CHARGE | 19.68 | NONE INTERNAL | | 14,736.97 |
| 1/16/25 | 1/16/25 | BILL/DUE DATE | 393.59 | NONE INTERNAL | | 14,736.97 |
| 1/24/25 | 1/22/25 | REPOSSESSION EXPENSES | 150.00 | NONE INTERNAL | 24464131 | 14,736.97 |
| 1/27/25 | 1/22/25 | REPOSSESSION EXPENSES | 450.00 | NONE INTERNAL | 24468800 | 14,736.97 |
| 1/31/25 | 1/31/25 | INTEREST ACCRUAL | 877.81 | NONE INTERNAL | | 14,736.97 |
| 1/31/25 | 1/31/25 | LATE CHARGE - CHGOFF | 131.57 | NONE INTERNAL | | 14,736.97 |
| 1/31/25 | 1/31/25 | REPOSSESSION EXPENSES - CHGOFF | 600.00 | NONE INTERNAL | | 14,736.97 |
| 1/31/25 | 1/31/25 | INTEREST - CHGOFF | 1,479.06 | NONE INTERNAL | | 14,736.97 |
| 1/31/25 | 1/31/25 | ADV / PRIN - CHGOFF | 14,736.97 | NONE INTERNAL | | 0.00 |
| 1/31/25 | 1/31/25 | ACCOUNT - CHARGED OFF | 0.00 | NONE INTERNAL | | 0.00 |
| 1/31/25 | 1/31/25 | ACCOUNT - ACCRUAL STOP | 0.00 | NONE INTERNAL | | 0.00 |

W
Westlake Financial

4751 Wilshire Blvd. Suite 100
Los Angeles, CA 90010
1-888-739-9192

0000261-0000529 FSFT 001 ------ 739143
[redacted]
BIRMINGHAM, AL 35211

## NOTICE OF OUR PLAN TO SELL PROPERTY

Date of Notice: **01/28/2025** Account: **23833495**

| | |
|---|---|
| Name and address of holder of contract and legal owner of Vehicle (secured party):<br><br>Telephone number to call for information: 1-888-739-9192 | Westlake Financial Services<br>4751 Wilshire Blvd. Suite 100<br>Los Angeles, CA 90010 |

Description of Motor Vehicle ("Vehicle")

| Year | Make | Model | VIN |
|---|---|---|---|
| 2014 | CHEVROLET | IMPALA | 2G1116SL9E9211290 |

Name and address of each person (debtor) liable on the Contract:
[redacted]

**Subject: Motor Vehicle Conditional Contract of Sale or Security Agreement**
We have your Vehicle because you broke promises in our agreement. We intend to file for a repossessed title and dispose of the vehicle as explained in this Notice, subject to your right to redeem (get back) the Vehicle as described in this Notice.

| ■ Private Sale |
|---|
| We will sell the vehicle at private sale sometime after 8:00 AM on **02/10/2025** . A sale could include a lease or license. |

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference, except as limited by law. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can redeem the Vehicle (get it back) at any time before we sell it by paying us the total outstanding balance (not just the past due payments) including our expenses. To learn the exact amount you must pay to redeem the Vehicle, call us at the telephone number shown at the top of this Notice. If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at the telephone number shown at the top of this Notice, or you may write to us at the address shown at the top of this Notice and request a written explanation.

If you need more information about the sale of the Vehicle, call us at the telephone number shown at the top of this Notice or write to us at the address shown at the top of this Notice.

We are sending this Notice to each of the people who owe money under your agreement, as shown at the top of this Notice, or people who have an interest in the vehicle and who are not shown at the top of this Notice.

**IMPORTANT NOTICE IF YOU HAVE FILED BANKRUPTCY: If you have filed bankruptcy, this Notice is NOT an attempt to collect a pre-petition and/or discharged debt from you, but is being made for the sole purpose of complying with Article 9 of the Uniform Commercial Code. Because you have filed for bankruptcy, we may be stayed from attempting to collect any deficiency from you outside**

**of the bankruptcy case. After you receive a discharge of your debts in the bankruptcy case, you may no longer be personally liable to us for any deficiency. We may, however, seek to enforce any existing liens against any other property that you gave as collateral for the debt.**

If you have filed for bankruptcy, or have been discharged in bankruptcy, this letter is for information purposes only and is not intended as an attempt to collect a debt.

**WRITTEN ACCOUNTING**

We will provide you with a written accounting following sale of the Vehicle. If there is a surplus, it will be paid to you within 45 days of the date of sale unless we are required by law to pay it to someone else. You may request another written accounting from the person whose name and address are show at the top of this Notice within one year of date of the sale by delivering to us or mailing to us your written request by first class mail, postage prepaid, or certified mail, return receipt requested.

**NOTICE. YOU MAY BE SUBJECT TO SUIT AND LIABILITY IF THE AMOUNT OBTAINED UPON DISPOSITION OF THE VEHICLE IS INSUFFICIENT TO PAY THE CONTRACT BALANCE AND ANY OTHER AMOUNTS DUE.**

# EXHIBIT I

Consumer Financial Protection Bureau (https://www.consumerfinance.gov/) Start a new complaint

All complaints (.)

# 250218-18813328

CLOSED

## Submitted

| STATUS | PRODUCT | ISSUE |
| --- | --- | --- |
| Submitted to the CFPB on 2/17/2025 | Vehicle loan or lease | Repossession |

### We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

YOUR COMPLAINT

I am filing a formal complaint against Westlake Financial Services for its failure to provide legally required notices regarding the repossession of my vehicle and my right to retrieve personal property left inside the vehicle. Despite multiple attempts to contact Westlake Financial, I have not received any written or verbal communication regarding the following: • How to retrieve my repossessed vehicle, • Whether I have the ability to reinstate or redeem my loan, and • How to retrieve my personal belongings left inside the vehicle. This conduct violates multiple provisions of the Uniform Commercial Code (UCC), the Fair Credit Reporting Act (FCRA), and the Fair Debt Collection Practices Act (FDCPA). Key Legal Violations Committed by Westlake Financial 1. Failure to Provide Required

Notice of Intent to Sell – Violation of Alabama UCC § 7-9A-611 Westlake Financial failed to send a legally required "Notice of Intent to Sell" via certified mail before selling my repossessed vehicle. Alabama UCC § 7-9A-611 requires that: • The secured creditor must send notice before disposing of a repossessed vehicle, • The notice must be sent via certified mail, • It must include the date, time, and method of sale, and • It must state the amount required to redeem the vehicle before sale. How Westlake Violated This Law: • I never received any notice of sale from Westlake Financial. • Westlake did not inform me of my right to reinstate the loan or reclaim the vehicle before sale. • The only reason I became aware that my vehicle may have been sold is through Westlake's response to my previous CFPB complaint. 2. Failure to Provide Notice of Personal Property Retrieval – Violation of Alabama UCC § 7-9A-614 Under Alabama UCC § 7-9A-614, Westlake Financial was legally required to notify me of my right to retrieve personal property left inside the repossessed vehicle. How Westlake Violated This Law: • Westlake Financial never sent any notice informing me where my vehicle was being stored or how to recover my belongings. • My iPad, important legal documents, and other personal items remain inside the vehicle, and I have been denied access to retrieve them. • This deprivation of my personal property is unlawful and constitutes an unfair repossession practice under consumer protection laws. 3. Violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2 The FCRA requires creditors to furnish accurate information to credit bureaus, including proper reporting of disputed accounts and repossessions. How Westlake Violated This Law: • Westlake has continued to report my account as delinquent without marking it as "disputed" in violation of 15 U.S.C. § 1681s-2(a)(3). • If my vehicle has already been sold without proper notice, Westlake is unlawfully reporting a deficiency balance that should not exist. • Westlake's failure to update my credit file to reflect the correct legal status of my loan violates federal consumer protection laws. 4. Violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692f – Unfair and Deceptive Collection Practices Under the FDCPA, a creditor cannot attempt to collect a debt that is not legally owed due to violations in the repossession process. How Westlake Violated This Law: • Westlake is attempting to collect a deficiency balance that may not be valid, given its failure to follow proper repossession procedures. • Westlake failed to notify me of the sale of the vehicle, which is required before assessing a deficiency balance. • Westlake has not provided a breakdown of how the sale proceeds were applied, in violation of consumer protection laws.

View full complaint ⊕

## Sent to company

STATUS

Sent to company on 2/17/2025

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

## Marked as duplicate

STATUS

Marked as a duplicate complaint on 2/18/2025

This complaint appears to be a duplicate of a complaint we've already received. We've included a reference to this complaint on that record.

---

Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question? ¿Preguntas?

(855) 411-2372

TTY/TTD: (855) 729-2372

8 a.m. to 8 p.m. ET, Monday through Friday
(except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

More than 180 languages available.

---

An official website of the United States Government

# EXHIBIT J

8:06 5G 5

# Account Details

This account was closed on Feb 10, 2025

## WESTLAKE FIN

Last reported Aug 15, 2025

**$15,935**

Reported balance

**Highest balance** **$16,567**

You've paid off 3% of this loan

OVERVIEW

| | |
|---|---|
| Highest balance | **$16,567** |
| Monthly payment | **$394** |
| Opened | **Feb 25, 2023 (2 yrs, 7 mos)** |
| Term | **60 months (5 years)** |

PAYMENT HISTORY

You've made **57%** of payments on time

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | ⚠ | ⚠ | ⚠ | ⚠ | ⚠ | ⚠ | ⚠ | | | | | |
| 2024 | ✕ | ✓ | ✓ | ✓ | ✓ | ✕ | ✕ | ✕ | ✕ | ✓ | ✓ | ✕ |

For you Cards Loans Insurance Money

8:06 5G

# Account Details

Opened Feb 20, 2023 (2 yrs, 7 mos)

Term **60 months (5 years)**

PAYMENT HISTORY

You've made **57%** of payments on time

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | ⚠ | ⚠ | ⚠ | ⚠ | ⚠ | ⚠ | ⚠ | | | | | |
| 2024 | ✗ | ✓ | ✓ | ✓ | ✓ | ✗ | ✗ | ✗ | ✗ | ✓ | ✓ | ✗ |
| 2023 | | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current ✗ Late Unknown ⚠ Derogatory

Last payment **Feb 19, 2025**

Payment status **In Collections/Charge-off**

Worst payment status **90-119 days late**

ACCOUNT DETAILS

Account status **Closed**

Type **Auto loan**

Responsibility **Individual**

Remarks **Profit and loss write-off**
**Profit and loss write-off**

For you Cards Loans Insurance Money

8:06 5G

# Account Details

| | |
|---|---|
| Last payment | **Feb 19, 2025** |
| Payment status | **In Collections/Charge-off** |
| Worst payment status | **90-119 days late** |

ACCOUNT DETAILS

| | |
|---|---|
| Account status | **Closed** |
| Type | **Auto loan** |
| Responsibility | **Individual** |
| Remarks | **Profit and loss write-off**<br>**Profit and loss write-off** |
| Times 30/60/90+ days late | **4/1/1** |
| Closed | **Feb 10, 2025** |

CONTACT INFO

WESTLAKE FIN
4751 WILSHIRE BVLD
LOS ANGELES, CA 90010 USA
**(323) 692-8800**

**See a mistake?**

Dispute

For you | Cards | Loans | Insurance | Money

8:07 5G 5

# Credit

experian. EQUIFAX TransUnion

742

As of today

Very Good

300 850

Scores calculated using FICO SCORE 8

## Quick actions

Experian credit report
As of today
View report

See what's changed
View

Experian Boost
Not Boosted
Manage

Experian CreditLock
Unlocked
Manage

Build credit without debt!Ø Meet the Experian Smart Money™ Digital Checking Account.

Dashboard Credit Money Insurance Cards & Loans

8:07 5G

← Credit report

experian. EQUIFAX TransUnion

Scores calculated using FICO SCORE 8

What's changed

## Personal information

KEYARAH R MCKENZIE
Born in 1995

## Credit cards & credit lines

| | |
|---|---|
| CAPITAL ONE | $297 |
| CITICARDS CBNA | $3,228 |
| DISCOVERC | $4 |
| NAVY FEDERAL CR UNION | $3 |

Show 1 closed account

## Auto loans & leases

Dashboard Credit Money Insurance Cards & Loans

# EXHIBIT K

## Re: Smith v. Westlake Services, LLC – Meet and Confer Regarding Amended Complaint

Keyarah Smith keyarah.smith@outlook.com
danielle.douglas@arlaw.com Danielle.Douglas@arlaw.com
vickie.buchanan@arlaw.com Vickie.Buchanan@arlaw.com
Thu, Oct 2, 2025, 10:50 AM

Counsel,

Pursuant to Section II of the Court's Initial Order and the Court's October 2, 2025 Order (Doc. 13), I am reaching out to confer with you before filing my Amended Complaint.

The Amended Complaint will clarify my claims under the Alabama UCC (repossession notice failures), FCRA §1681s-2(b), breach of contract (arbitration), conversion of personal property, and ADTPA/unconscionability. Several claims from the original pleading will be streamlined or removed.

Please advise whether you are available for a brief phone call or email confirmation to satisfy the meet-and-confer requirement before I submit.

Thank you,

Keyarah M. Smith
Pro Se Plaintiff

---

Danielle Douglas Danielle.Douglas@arlaw.com
Keyarah Smith keyarah.smith@outlook.com
Vickie Buchanan Vickie.Buchanan@arlaw.com
Thu, Oct 2, 2025, 12:19 PM

Ms Smith,

I will review and will get back with you. Thanks.

Danielle

**DANIELLE DOUGLAS**
**Associate**

**E:** Danielle.Douglas@arlaw.com
**O:** 205.250.5024
Adams & Reese, LLP
1901 6th Avenue North, Suite 1110
Birmingham, AL 35203

ADAMS & REESE
adamsandreese.com

On Oct 2, 2025, at 10:50 AM, Keyarah Smith <keyarah.smith@outlook.com> wrote:

Counsel,

Pursuant to Section II of the Court's Initial Order and the Court's October 2, 2025 Order (Doc. 13), I am reaching out to confer with you before filing my Amended Complaint.

The Amended Complaint will clarify my claims under the Alabama UCC (repossession notice failures), FCRA §1681s-2(b), breach of contract (arbitration), conversion of personal property, and ADTPA/unconscionability. Several claims from the original pleading will be streamlined or removed.

Please advise whether you are available for a brief phone call or email confirmation to satisfy the meet-and-confer requirement before I submit.

Thank you,

Keyarah M. Smith
Pro Se Plaintiff

---

Keyarah Smith
Danielle Douglas
Vickie Buchanan
Fri, Oct 3, 2025, 12:28 AM

Ms. Douglas,

Thank you for your response. I will be filing my Amended Complaint on or before October 13, 2025, to comply with the 14-day deadline.

I remain interested in an early resolution that could be favorable to your client as well as myself. If your client wishes to explore settlement discussions, I am available before that filing. Otherwise, I will proceed with submitting my amended pleading on time.

Respectfully,

Keyarah

Get Outlook for iOS

---

3 Emails

## Fw: Confidential Settlement Offer – Smith v. Westlake (2:25-cv-00545-MHH)

Keyarah Smith
Danielle Douglas
Jennifer Tubbs
Thu, Sep 25, 2025, 8:22 AM

Ms. Douglas,

I hope this message finds you well. I'm following up on the settlement offer I previously sent, ahead of your client's reply deadline. While I understand we are currently awaiting the Court's ruling on your Motion to Dismiss, I wanted to respectfully ask whether your client might still be open to resolving this matter amicably at this stage.

In light of the time and cost associated with discovery, I believe it could be in the interest of both parties to discuss a potential resolution. I remain open to fair terms and would be willing to engage in good-faith discussions if your client is similarly inclined.

Please let me know at your convenience.

Sincerely,

Keyarah McKenzie Smith

Pro Se Plaintiff

Get Outlook for iOS

---

Jennifer Tubbs
Keyarah Smith
Thu, Sep 25, 2025, 8:22 AM

Jennifer Tubb's last day at Adams & Reese, LLP was June 27, 2025. Please direct any inquiries to Vickie Buchanan at vickie.buchanan@arlaw.com

---

Keyarah Smith
vickie.buchanan@arlaw.com
Thu, Sep 25, 2025, 8:28 AM

Get Outlook for iOS

---

3 Emails