FILED
2025 Dec-15 PM 08:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **KEYARAH MCKENZIE SMITH,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:25-cv-00545-MHH |
| | § | |
| **WESTLAKE FINANCIAL,** | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT'S MOTION TO STRIKE & REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Upon review of Plaintiff Keyarah M. Smith's ("Smith") Response (Doc. 21; the "Response") submitted in opposition to Defendant Westlake Services, LLC dba Westlake Financial's ("Westlake") Motion to Dismiss Smith's Amended Complaint, it has become apparent that Smith is either: (1) **again** using artificial intelligence ("AI") to prepare her response brief and submitting AI-generated content to this Court without independently verifying its accuracy; or (2) knowingly making misrepresentations of law. As the Court may recall, this is the **second** time Smith's filings have contained inaccurate legal citations that Westlake has identified as inaccurate, potentially AI-generated content. *See* Docs. 8–10.

Due to this recurring issue, Westlake respectfully requests this honorable Court enter an Order striking Smith's Response and granting its motion to dismiss and any further relief appropriate under the circumstances.

## I. Legal Inaccuracies in Smith's Response Brief

Smith cites several legal authorities that do not stand for the propositions for which they are cited, and some directly counter arguments Smith contends they support. These representations are so inaccurate that it is not reasonable to believe they are the result of a *pro se* litigant simply misreading the statutes or case law cited.

### A. Inaccurate Citations to Case Law

#### 1. *In re Downing,* 286 B.R. 900 (W.D. Mo. 2002)

On page 6 of the Response, Smith cites "*In re Downing*, 286 B.R. 900 (Bankr. S.D. Ala. 2002)" for the proposition that under Alabama law, "[w]ithout proof of mailing, whether any notice was ever sent is a material factual dispute inappropriate for dismissal." In paragraph 10 on page 6 of the Response, Smith also claims that "*In re Downing* confirms that commercial reasonableness is a question of fact for the trier of fact." Doc. 21, p. 6. Although a case styled "*In re Downing*" reported at 286 B.R. 900 exists, it was not decided by the court Smith states it was, does not apply the law Smith says it does, and does not say what Smith says it does.

*In re Downing*, 286 B.R. 900, was decided on December 19, 2002, by the United States Bankruptcy Court for the Western District of Missouri and resolved an objection to an unsecured deficiency claim asserted in a Chapter 13 bankruptcy case

under Missouri state law. It does not consider, analyze, or apply Alabama law; is not about proof of mailing; and does not even contain the phrase "commercial reasonableness." A true and correct copy of *In re Downing* is attached within ***Composite* Exhibit A**.

### 2. *Ford Motor Credit, Co. v. Jackson*, 347 So. 2d 992 (Ala. Civ. App. 1977)

Smith cites *Ford Motor Credit, Co. v. Jackson*, 347 So. 2d 992 (Ala. Civ. App. 1977) for the proposition that "Alabama law allows borrowers to challenge unlawful repossession, lack of notice, and deficiencies without tendering the full balance or reinstating." First, Westlake has not argued that Smith's failure to pay all amounts owed somehow prevents her from challenging Westlake's conduct. Rather, Westlake has pointed out repeatedly that Smith's citation to Alabama Code section 7-9A-623 to argue that she was permitted to pay only past-due amounts to redeem the vehicle is false, as the statute expressly requires payment of "all obligations" secured by the collateral to redeem the collateral after repossession by the secured party.

Next, even though Westlake has not argued what Smith claims it has, the cited case—*Ford Motor Credit, Co. v. Jackson*—does not address whether Smith can challenge repossession and alleged notice deficiencies without paying the full balance owed. A true and correct copy of *Ford Motor Credit, Co. v. Jackson*, 347 So. 2d 992 (Ala. Civ. App. 1977) is attached within ***Composite* Exhibit A**.

### 3. *Vandenberg v. Aramark Educ. Servs., Inc.*, 81 So. 3d 326 (Ala. 2011)

Smith states that in *Vandenberg v. Aramark Educational Services, Inc.*, 81 So. 3d 326 (Ala. 2011), the "Alabama Supreme Court held that wrongful retention of personal property constitutes conversion even where the initial possession was lawful." Doc. 21, p. 12, ¶ 22. First, *Vandenberg* does not discuss or address what constitutes conversion where "the initial possession was lawful." This issue simply does not appear in the *Vandenberg* case. Second, if anything, *Vandenberg* suggests the opposite, as it states the only conclusion "that can be gleaned from the complaints is that the students were presented with a lawful mandatory charge associated with attendance at their chosen university and that they subsequently consented to pay that charge as a condition of attendance." *Vandenberg*, 81 So. 3d at 343. The Court in *Vandenberg* found that the students' post-hoc "dissatisfaction . . . is not tantamount to a lack of consent," and that because the students "clearly consented" to the fee at issue, their conversion claims failed. *Id.* A true and correct copy of *Vandenberg v. Aramark Educational Services, Inc.*, 81 So. 3d 326 (Ala. 2011) is attached within ***Composite* Exhibit A**.

### 4. *Felton v. Vroom Automotive, LLC*, 2025 WL 3025686 (N.D. Ala. Oct. 29, 2025).

Smith's references to *Felton* are in response to Westlake's arguments in its Motion to Dismiss but also appear to be a result of inaccurate, AI-generated content.

*Felton* held that "just as a mortgage lender is not providing a good or service by lending money for the purchase of a home, [the defendant] is not providing a good or service by providing financing for the purchase of [the plaintiff's] vehicle." *Felton*, 2025 WL at *4. A true and correct copy of *Felton v. Vroom Automotive, LLC*, 2025 WL 3025686 (N.D. Ala. Oct. 29, 2025) is attached within ***Composite* Exhibit A**.

#### 5. *Billions v. White & Stafford Furniture Co., Inc.*, 528 So. 2d 878 (Ala. Civ. App. 1988).

Smith cites *Billions* for the proposition that "Alabama court recognize such economic injuries as recoverable under the ADTPA," regarding her alleged "cognizable damages" under the ADTPA. Doc. 21, pp. 22-23, ¶ 56. *Billions* does not address the damages available for an actionable ADTPA claim; rather, it finds that Billions does not have a cause of action under the ADTPA. A true and correct copy of *Billions v. White and Stafford Furniture Co., Inc.*, 528 So. 2d 878 (Ala. Civ. App. 1988) is attached within ***Composite* Exhibit A**.

### B. Alabama Statutory Provisions

#### 1. Ala. Code. §§ 7-9A-611, 7-9A-614

Smith cites sections 7-9A-611 and 7-9A-614 as requiring notice from a creditor to a debtor "prior to repossession." Doc. 21, p. 4, ¶ 7. These provisions do not require pre-repossession notice; rather, they address a secured party's obligation to send a notice of its intent to dispose collateral that has already been repossessed.

True and correct copies of Ala. Code §§ 7-9A-611 and 7-9A-614 are attached within ***Composite* Exhibit B**.

**2. Ala. Code §§ 7-9A-609(b)(2), 7-9A-613(3)(B).**

Smith states that "[u]nder Ala. Code §§ 7-9A-609(b)(2) and 7-9A-614(3)(B), the creditor has an affirmative duty to: inventory personal items, store them safely, provide written retrieval instructions, and specify local and hours for retrieval." Doc. 21, p. 7, ¶ 12. This sentence is inaccurate.

Section 7-9A-609(b)(2) simply states that a secured party may take possession of collateral after default without judicial process so long as it proceeds without breach of the peace. There is nothing in section 7-9A-609 that references or relates to personal property. Worse yet, section 7-9A-614(3)(B) does not exist. Section 7-9A-614 relates to the content and form of notification before disposition of collateral and makes no reference to any personal property that collateral may contain.

True and correct copies of sections 7-9A-609 and 7-9A-613 are attached within ***Composite* Exhibit B**.

**3. Other Inaccurate Statutory or Regulatory Citations**

Smith inaccurately cites other statutes and regulations, including:

- 16 C.F.R. § 444.2(a)(4), incorrectly claiming that it "prohibits creditors from retaining or disposing of consumer property without notice and an opportunity to reclaim it," and

- Ala. Code § 7-9A-623(a)-(b), incorrectly claiming that it only requires "past-due amounts" and "reasonable expenses" for redemption of repossessed collateral.

True and correct copies of 16 C.F.R. § 444.2 and section 7-9A-623 are attached within ***Composite*** **Exhibit B.**

## II. Legal Inaccuracies in Prior Filings

This is not the first instance of incorrect legal citations in Smith's filings. In Westlake's Reply in Support of its Motion to Dismiss Smith's [original] Complaint, it noted, in a footnote, that Smith referenced an unnamed case and cited a named case that the undersigned counsel was never able to locate despite extensive searching. At the time, Westlake noted these appeared to be AI-generated citations to fabricated case law, in direct violation of this Court's standing *Initial Order*. Doc. 9, pp. 3-4, n. 1. Smith filed a Motion for Leave to File Sur-Reply addressing Westlake's footnote regarding Smith's inaccurate legal citations, stating that "any such citation was inadvertent and not intended to mislead the Court or present fabricated authority." Doc. 10.

Since that filing, the Court entered its *Initial Order*, which specifically addresses the use of artificial intelligence to create court submissions, stating:

> Lawyers and pro se litigants who use technology like ChatGPT, Google Bard, Bing AI Chat, or other generative artificial intelligence services to prepare documents that the parties file in the record in this case are cautioned that

> generative AI technologies sometimes may produce factually or legally inaccurate content. The Court does not prohibit the use of AI, but to comply with Rule 11 of the Federal Rules of Civil Procedure and other applicable legal and ethical standards, attorneys and pro se litigants must review and verify computer-generated content to ensure that it is accurate and complies with all such governing standards.

Doc. 11, § XI. Despite being on notice not only from Westlake but from the Court, Smith appears to still be using AI-generated content in her filings without verifying its content. This is not only inappropriate and in direct violation of this Court's *Initial Order* but makes it nearly impossible to respond to Smith's filings beyond identifying the increasing stream of nonsense.

## CONCLUSION

Although *pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, by liberally construed," *pro se* litigants are still bound by Rule 11, which requires that person presenting a pleading, motion, or other paper to the Court, certify that the "legal contentions are warranted by existing law." FED. R. CIV. P. 11. This obligation is extended by this Court's *Initial Order*, which advises Smith that her Rule 11 obligation includes verifying the accuracy of any AI-generated content prior to submitting the same to this Court.

Smith fails to do so **again**, making it impossible for Westlake to intelligently engage with Smith's arguments relying on inaccurate or misrepresented legal authorities for the benefit of this Court. Accordingly, Westlake respectfully requests

this Court enter an order striking Smith's Response filed in opposition to Westlake's Motion to Dismiss Smith's Amended Complaint, and for such other, further relief as the Court may find just and necessary.

Respectfully submitted this 15th day of December 2025.

*/s/ Danielle E. Douglas*
Danielle E. Douglas
Adams & Reese LLP
1901 Sixth Ave. N., Suite 1110
Birmingham, AL 35203
Danielle.douglas@arlaw.com
(205) 250-5024
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 15th day of December 2025 electronically filed the foregoing using the CM/ECF system, and served a copy by electronic mail on the following *pro se* party to this action:

Keyarah McKenzie Smith
4940 Court G
Fairfield, Alabama 35064
Keyarah.smith@outlook.com
*Pro Se Plaintiff*

*/s/ Danielle E. Douglas*
OF COUNSEL